UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VR Optics, LLC

          Plaintiff,

v.

Peloton Interactive, Inc., a Delaware corporation

          Defendant.

No. 16-cv-6392

**COMPLAINT FOR PATENT INFRINGEMENT**

**JURY TRIAL DEMAND**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff VR Optics, LLC ("VR Optics") submits its Complaint for Patent Infringement and Jury Demand against Defendant Peloton Interactive, Inc. ("Defendant"), and states as follows:

### THE PARTIES

1. Plaintiff VR Optics, LLC is a New York Limited Liability Company with its principal place of business at 430 West Broadway, Suite 2B, New York, NY 10012.

2. On information and belief, Defendant Peloton is a Delaware corporation with its principal place of business at 158 West 27th Street, 4th Floor, New York, NY 10011.

### JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the acts of Congress relating to patents, namely the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

4. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      Defendant is subject to personal jurisdiction in this Court based at least on its presence, residence, and activities in this Judicial District.  Defendant's corporate headquarters are located in this Judicial District, and Defendant is doing business in this Judicial District.

6.      To the extent that Defendant is not subject to the personal jurisdiction in this Court as a resident of New York, Defendant is subject to the jurisdiction of the Court pursuant to N.Y.C.P.L.R. 302(a).  Specifically, on information and belief, Defendant causes tortious injury in New York, namely from the tort of patent infringement.  Defendant also conducts or solicits business and engages in a persistent course of conduct in New York, and Defendant derives substantial revenue from its products and/or services used and/or sold in New York.

7.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

8.      VR Optics is the owner of the entire right, title, and interest in and to U.S. Patent No. 6,902,513 ("the '513 patent").  The '513 patent was assigned to Microsoft Corporation ("Microsoft") on December 9, 2014.  VR Optics purchased the '513 patent from Microsoft and a properly executed assignment of the '513 patent was recorded on August 4, 2016, at the United States Patent and Trademark Office.

9.      Defendant provides interactive fitness equipment that Peloton refers to as the Peloton bike or Peloton cycle (hereinafter collectively referred to as the "Peloton interactive fitness equipment") as well as a system for interactive fitness that includes the Peloton interactive fitness equipment.  Defendant provides functionality for displaying live or prerecorded content, tracking personal fitness data, communicating with other fitness equipment

to, *e.g.*, compare fitness data, and visually display such data, and taking "outdoor" scenic rides in locations around the globe.

10. Defendant has incorporated the innovative features of the '513 patent into its system for interactive fitness that includes the Peloton interactive fitness equipment, as explained below.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,902,513

11. VR Optics incorporates paragraphs 1-10 above as if set forth in full.

12. VR Optics is the owner the '513 patent, entitled "Interactive fitness equipment," which was duly and legally issued by the United States Patent and Trademark Office on June 7, 2005. All maintenance fees have been timely paid and the patent is in force. A true and correct copy of the '513 patent is attached as Exhibit A.

13. VR Optics has never licensed Defendant under the '513 patent or otherwise authorized Defendant to practice the '513 patent.

14. Defendant has created and used, or actively induced others to use, a system for interactive fitness that includes the Peloton interactive fitness equipment. The system, according to Defendant's website, offers users an indoor cycling experience with live and on-demand classes. Live and one-demand classes can be streamed directly to the Wi-Fi enabled touchscreen which features ANT+ wireless (typically used with heart rate monitors), two stereo speakers, headphone and microphone connectors, and a front-facing camera to communicate with other users. While streaming live or on-demand cycling classes, the touchscreen displays in-depth personal metrics (*e.g.*, total distance, cadence, power output, resistance level, and

calories) and a leaderboard to compare personal metrics with other users.  The system also permits users to enjoy an "outdoor" scenic ride in locations around the globe.

15.  Defendant also provides an application for mobile computing devices (the "Peloton app"), such as smartphones and tablets, and offers a 14-day free trial that allows consumers to use the infringing features of the system.  Defendant charges its customers a weekly or monthly subscription fee to stream live and on-demand classes on their mobile devices or by way of the touchscreen of the Peloton interactive fitness equipment.  Additionally, Defendant sells, offers for sale, and/or markets the system, including the Peloton app and Peloton interactive fitness equipment, with the intent that such customers use the Peloton app and Peloton interactive fitness equipment.  Still further, Defendant has used the Peloton app and Peloton interactive fitness equipment in the course of testing and development, and train Defendant's employees to facilitate providing support to Defendant's customers.

16.  Defendant has infringed and continues to infringe one or more claims of the '513 patent, including for example (but not limited to) at least claim 1 of the '513 patent, by making, using, selling and/or offering for sale products, including at a minimum the Peloton interactive fitness equipment, covered by claim 1 of the '513 patent without VR Optics' authorization in violation of 35 U.S.C. § 271.  Infringement is direct, as well as contributory, and by actively inducing infringement by others.

17.  Defendant has in the past and continues to promote, advertise and instruct customers and potential customers about Defendant's products and uses of the products, including infringing uses of the Peloton interactive fitness equipment.  *See, e.g.*, Ex. B (Peloton brochure).  Defendant's promotion, advertising, and instruction efforts include, at a minimum, maintenance of the websites www.pelotoncycle.com and distribution of brochures.  *See, e.g.*, *id.*

Defendant's website includes live customer support and infringing features and specifications of the Peloton interactive fitness equipment.  Defendant engaged in these acts with the actual intent to cause the acts which they knew or should have known would induce actual infringement.

18. Defendant had constructive, if not actual, notice of the existence of the '513 patent and has been aware of the '513 patent since at least March 4, 2014, because on that date, Defendant cited the '513 patent in an Information Disclosure Statement filed by Defendant in connection with its own patent, U.S. Patent No. 9,174,085.  Ex. C.  Furthermore, the '513 patent is well-known in the industry – having been cited in 89 issued patents since its filing date, including Defendant's own patent—U.S. Patent No. 9,174,085.

19. Additionally, on information and belief, Defendant had constructive, if not actual, notice of the existence of the '513 patent since at least May 2015.  In May 2015, Microsoft joined with other industry leaders in the Open Register of Patent Ownership ("OroPO").  Ex. D.  Through OroPO's website, Microsoft provides a list that includes *to the best of its knowledge* all issued patents that Microsoft currently owns, either directly or through subsidiaries.  *See id; see also* Ex. E; Ex. F.  The list includes the '513 patent as covering Microsoft's products, *id*, which has since been purchased by VR Optics.

20. Defendant has continued to make, use, sell and/or offer for sale products, including at a minimum the Peloton interactive fitness equipment with knowledge of the '513 patent.  In addition, Defendant has continued to promote, advertise and instruct customers and potential customers about the Peloton interactive fitness equipment and uses of that interactive fitness equipment, including infringing uses of the Peloton interactive fitness equipment with knowledge of the '513 patent.  *See, e.g.*, Ex. B.

21.     Defendant knew or should have known that the Peloton interactive fitness equipment is especially made or especially adapted for use in an infringement of the '513 patent and that there is no substantially non-infringing use of the Peloton interactive fitness equipment.

22.     Defendant's products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

23.     Defendant's actions have and continue to constitute active inducement of and contributory infringement of the '513 patent in violation of 35 U.S.C. §271(b) and (c).

24.     Defendant has supplied and continues to supply the Peloton interactive fitness equipment from the United States, among other ways through its interactive website, to customers outside of the United States.  By doing so, Defendant has intended and currently intends that the Peloton interactive fitness equipment be used by its customers outside of the United States.  Such use outside the United States would constitute infringement if it occurred within the United States.  Therefore, Defendant is liable for infringement of the '513 patent pursuant to 35 U.S.C. §§ 271(f)(1)-(2).

25.      Defendant's infringement of the '513 patent has caused irreparable harm to VR Optics and will continue to do so unless enjoined.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff VR Optics, LLC prays for judgment and relief against Defendant Peloton Interactive, Inc. including:

A.     A judgment that Defendant has infringed and continues to infringe one or more claims of the asserted patent (U.S. Patent No. 6,902,513)  in violation of 35 U.S.C. § 271(a), (b), (c), and (f);

      B.      A preliminary and permanent injunction enjoining Defendant, its officers, agents, servants, employees and attorneys, and other persons in active concert or participation with Defendant, and their parents, subsidiaries, divisions, successors and assigns, from further infringement of the asserted patent (U.S. Patent No. 6,902,513);

      C.      A judgment awarding VR Optics all damages adequate to compensate for Defendant's infringement of VR Optic's asserted patent, and in no event less than a reasonable royalty for Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

      D.      An assessment of costs, including reasonable attorney fees pursuant to 35 U.S.C. § 285, and prejudgment interest against Defendant;

      E.      Such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

VR Optics demands a trial by jury on all issues so triable.

August 11, 2016

s/ Paul S. Doherty III
Paul S. Doherty III, Esq.
**HARTMANN DOHERTY ROSA BERMAN & BULBULIA LLC**
666 Fifth Avenue, 28th Fl.
New York, NY  10103
(212) 344-4619
pdoherty@hdrbb.com

- and -

Leif R. Sigmond, Jr.
(*application for admission pending*)
E-mail: sigmond@mbhb.com
Michael D. Gannon
(*pro hac vice application forthcoming*)
E-mail: gannon@mbhb.com
Jennifer M. Kurcz
(*pro hac application forthcoming*)
E-mail: kurcz@mbhb.com
Jaeyoung Pak
(*pro hac application forthcoming*)
E-mail: pak@mbhb.com
**MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP**
300 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 913-0001
Fax: (312) 913-0002

*Counsel for Plaintiff*
*VR Optics, LLC.*