UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VR Optics, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Peloton Interactive, Inc., <br><br> Defendant. | No. 1:16-cv-6392 (JPO) <br><br> **THIRD-PARTY COMPLAINT AND INTERPLEADER** |
| Peloton Interactive, Inc., <br><br> Defendant and Third-party Plaintiff, <br><br> v. <br><br> Villency Design Group, L.L.C., Eric Villency, and Joseph Coffey, <br><br> Third-party Defendants. | |

Third-party Plaintiff Peloton Interactive, Inc. ("Peloton") brings this Third-party Complaint and Interpleader against Villency Design Group, L.L.C. ("Villency Design Group"), Eric Villency, and Joseph Coffey, and would respectfully show the Court as follows:

**THE PARTIES**

1. Peloton is Delaware corporation, with a principal place of business at 125 West 25th Street, 11th Floor, New York, N.Y. 10001. Peloton is the legal successor to Peloton Interactive, LLC.

2. Villency Design Group is a Delaware limited liability corporation, with a principal place of business at 430 West Broadway 2B, New York, NY 10012.

3. Eric Villency is an individual resident of this District, residing at 58 West 58th Street, New York, NY 10019.

4. Joseph Coffey is an individual resident of this District, residing at the Hotel des Artistes, 1 West 67th Street, New York, NY 10023.

## JURISDICTION AND VENUE

5. Peloton's third-party claims herein arise out of and are directly related to claims pending before this Court in *VR Optics, LLC v. Peloton Interactive, Inc.*, No. 1:16-cv-6392 (RA) (the "Patent Action").

6. The Complaint in the Patent Action alleges that VR Optics, LLC ("VR Optics") is the owner and assignee of all right, title, and interest to U.S. Patent No. 6,902,513 (the '513 Patent) and that Peloton is infringing one or more claims of the '513 Patent.

7. As set forth more fully below, Villency Design Group is liable for any and all damages, liability, costs, expenses and attorneys' fees Peloton incurs in relation to the Patent Action.

8. As set forth more fully below, Eric Villency and Joseph Coffey have tortiously interfered with the contractual relationship between Peloton and Villency Design Group by forming VR Optics to acquire the '513 Patent and enforce it against Peloton.

9. Accordingly, this Court has supplemental jurisdiction over the claims asserted in this Third-party Complaint because those claims arise out of the same facts and circumstances as the claims asserted in the VR Optics Complaint and they form part of the same case and controversy under Article III of the United States Constitution. 28 U.S.C. 1367.

10. Venue is proper because a substantial portion of the acts giving rise to the claims occurred in this District.

11. The Court has personal jurisdiction over Villency Design Group because, as set forth more fully below, Villency Design Group has consented to such jurisdiction. The Court has personal jurisdiction over both Eric Villency and Joe Coffey because they are residents of this District.

## FACTUAL BACKGROUND

**Brief Statement of the Case**

12. Villency Design Group is a consumer product development company.

13. Founded in New York in 2012, Peloton has developed a new concept in home fitness that delivers live and archived studio cycling classes to home users via a stationary bike with an integrated tablet computer.

14. In 2012, Peloton hired Villency Design Group to design an interactive stationary bike with an integrated tablet computer (the "Peloton Bike").

15. Villency Design Group and Peloton entered into a first written agreement related to the design, development and manufacture of the Peloton Bike in 2012.

16. Villency Design Group and Peloton entered into a second, superseding written agreement in 2014.

17. In those agreements, Villency Design Group represented and warranted that the Peloton Bike did not and would not be subject to any such third-party patent infringement claims.

18. In those agreements, Villency Design Group also agreed to indemnify, defend and hold harmless Peloton from any third-party intellectual property infringement claims relating to the Peloton Bike.

19. Villency Design Group and Mr. Villency have asserted and continue to assert that Villency Design Group created the interactive exercise bike now being sold by Peloton.

20. During the course of Villency Design Group's relationship with Peloton, the owners of Villency Design Group, Mr. Villency and Mr. Coffey, learned of the existence of the '513 Patent.

21. Mr. Villency and Mr. Coffey learned of the '513 patent from an employee of Peloton.

22. At some time prior to June 20, 2016, Mr. Villency and Mr. Coffey created a New York limited liability company called VR Optics, LLC ("VR Optics").

23. VR Optics is a New York limited liability company, with its principal place of business in the same office as Villency Design Group at 430 West Broadway 2B, New York, NY 10012.

24. On information and belief, Villency Design Group is owned and controlled by Eric Villency and Joseph Coffey.

25. On information and belief, VR Optics is also owned and controlled by Eric Villency and Joseph Coffey.

26. On or about June 20, 2016, Mr. Coffey and Mr. Villency filed documents registering VR Optics, LLC with the New York Department of State.

27. On information and belief, VR Optics was formed by Mr. Villency and Mr. Coffey to acquire the '513 Patent.

28. On information and belief, Mr. Villency and Mr. Coffey initiated their efforts to acquire the '513 patent prior to June 20, 2016.

29. Notwithstanding their company Villency Design Group's longstanding relationship with Peloton, and their own individual relationships with Peloton and its senior management team, Mr. Villency and Mr. Coffey sought to acquire the '513 patent to enforce it against Peloton.

30. On or about August 4, 2016, VR Optics recorded the assignment of the '513 patent to VR Optics.

31. On August 11, 2016, VR Optics filed the VR Optics Complaint alleging that the Peloton Bike designed by the Villency Design Group infringes the '513 Patent.

32. On information and belief, VR Optics has also attempted to sell the '513 patent to direct competitors of Peloton.

**The 2012 Agreement**

33. On April 6, 2012, Villency Design Group and Peloton entered into a Design, Development and Manufacturing Agreement ("Peloton Bike Design Agreement").

34. In the Peloton Bike Design Agreement, Villency Design Group consented to personal jurisdiction in New York.

35. In Section 1.1 of the Peloton Bike Design Agreement, the parties agreed that "Villency shall design, develop and engineer a stationary cycling Device Bike, incorporating the placement and design of the flat screen interactive table, in accordance with the specifications" mutually agreed to between Villency and Peloton.

36. Section 1.1 further states that Villency Design Group "shall identify and source a factory [...] to manufacture the Bike." Section 2.1 of the Peloton Bike Design Agreement states that "Villency shall be responsible for all aspects of manufacturing the Bikes in compliance with the Device Bike Specifications mutually agreed to by Peloton and Villency[.]"

37. In section 2.7, Villency Design Group expressly represented and warranted that, among other promises, "the Bike Intellectual Property does not and will not infringe upon the rights of any third party."

38. The Peloton Bike Design Agreement defines "Bike Intellectual Property" broadly to include:

> all intellectual property relating to the Device Bikes, including, without limitations, all designs (including without limitation, those created by Villency prior to or during the term of this Agreement), inventions, improvements, discoveries, data, concepts, ideas, processes, methods, techniques, know-how, and information respecting the Bikes conceived, made or produced by Villency prior to and/or during the course of performing the Product Development Services and/or Manufacturing Services under this Agreement, or made or produced as the result of the joint efforts of Peloton and Villency prior to or during the term of this Agreement (collectively, the "Bike Intellectual Property").

Peloton Bike Design Agreement § 1.7(a).

39. Section 5.6 of the Peloton Bike Design Agreement states, in relevant part, as follows:

> SURVIVAL. The termination or expiration of this Agreement shall be without prejudice [to] (b) the rights and remedies of either party with respect to any previous breach or default under any representation, warranty or covenant herein contained; and (c) rights under any provision of this agreement which expressly and necessarily calls for performance after expiration or termination.

40. Section 6.1 of the Peloton Bike Design Agreement states, in relevant part, as follows:

> VILLENCY INDEMNITY. Villency agrees to indemnify, defend and hold harmless Peloton [ . . .] against any third party claim [ . . .] (b) arising out of or relating to any violation or alleged violation of any Villency representations or warranties.

41. Villency Design Group's representation and warranty that the Device Bike does not and will not infringe upon the rights of any third party and the associated indemnity both survive termination of the Peloton Bike Design Agreement.

42. The Device Bike contemplated by the Peloton Bike Design Agreement is the same instrumentality that Mr. Villency and Mr. Coffey, through the newly formed entity VR Optics, now accuse of infringing the '513 Patent.

43. Accordingly, under the Peloton Bike Design Agreement, Villency Design Group was responsible for designing, developing and manufacturing of the very device its owners now accuse of infringement through the newly formed entity VR Optics.

44. Villency Design Group represented and warranted that the Peloton Bike would be free of the infringement claim VR Optics now asserts.

45. Villency Design Group agreed to indemnify, defend, and hold harmless Peloton for any claim arising out of any alleged violation of Villency Design Group's representations or warranties, including the claim VR Optics now asserts.

**The 2014 Development Agreement**

46. On June 24, 2014, Villency Design Group and Peloton entered a superseding agreement entitled "Bike Development and Services Agreement" (hereafter "Peloton Bike Development Agreement").

47. In the Peloton Bike Development Agreement, Villency Design Group consented to personal jurisdiction in New York.

48. The 2014 Peloton Bike Development Agreement states, *inter alia*, that "Villency [Design Group] designed, developed and managed the manufacture of the [Peloton] Bike[.]"

49. Section 1.1 of the Peloton Bike Development Agreement sets forth the scope of Villency Design Group's work with respect to Peloton's "proprietary indoor cycling bikes ('Bikes')" including: (1) managing all aspects of the Factory relationship, (2) managing with the

Factory all Bike improvements; (3) managing Bike quality control; and (4) overseeing the testing and development of new components.

50. Section 1.3 of the Peloton Bike Development Agreement states that "Peloton and Villency [Design Group] acknowledge that the continued design, development and manufacture of the [Peloton] Bike will be a collaborative process[.]"

51. Under the Peloton Bike Development Agreement, Villency Design Group was responsible for modifications, changes and/or updates to the Peloton Bike. Peloton Bike Development Agreement § 1.5.

52. As in the Peloton Bike Design Agreement, Villency Design Group once again represented and warranted that, *inter alia*, the "Bike Intellectual Property does not and will not infringe upon the rights of any third parties." Peloton Bike Development Agreement § 8.2(a)(3).

53. Like the Peloton Bike Design Agreement, Section 1.7(a) of the Peloton Bike Development Agreement defined "Bike Intellectual Property" broadly to include:

> all intellectual property relating to the Bikes, including, without limitation, all designs (including, without limitation, those created by Villency prior to or during the Term of this Agreement), inventions, improvements, discoveries, data, concepts, ideas, processes, methods, techniques, know-how, and information respecting the Bikes conceived, made or produced by Villency prior to and/or during the course of performing the Product Development Services and/or Manufacturing Services under this Agreement, or made or produced as the result of the joint efforts of Peloton and Villency prior to or during the Term of this Agreement (collectively, the "Bike Intellectual Property").

54. Villency Design Group's representations and warranties in the Peloton Bike Development Agreement, including that the Peloton Bike does not and will not infringe upon the rights of third parties, survive the agreement's termination or expiration.

55. Section 5.6 of the Peloton Bike Development Agreement states in relevant part as follows:

SURVIVAL. The termination or expiration of this Agreement shall be without prejudice [to] (b) the rights and remedies of either party with respect to any previous breach or default under any representation, warranty or covenant herein contained; and (c) rights under any provision of this agreement which expressly and necessarily calls for performance after expiration or termination.

56. Section 7.1 of the Peloton Bike Development Agreement states in relevant part as follows:

VILLENCY INDEMNITY. Villency agrees to indemnify, defend and hold harmless Peloton [ . . .] against any claim [ . . .] (b) arising out of, or relating to, any violation or alleged violation of any intellectual property rights regarding any Bike Intellectual Property.

57. Villency Design Group's representation and warranty that the Peloton Bike does not and will not infringe upon the rights of any third party and the associated indemnity both survive any termination of the Peloton Bike Development Agreement.

58. The Peloton Bike contemplated by the Peloton Bike Development Agreement is the same instrumentality that Mr. Villency and Mr. Coffey, through the newly formed entity VR Optics, now accuse of infringing the '513 Patent.

59. Peloton has no adequate remedy at law.

## COUNT I – BREACH OF CONTRACT
### (As to Villency Design Group)

60. Peloton incorporates all of the foregoing paragraphs as if set forth fully herein.

61. All conditions precedent to the performance of both the Peloton Bike Design Agreement and the Peloton Bike Development Agreement have occurred.

62. Peloton has fully performed its obligations under both the Peloton Bike Design Agreement and the Peloton Bike Development Agreement.

63. Through both the Peloton Bike Design Agreement and the Peloton Bike Development Agreement, Villency Design Group represented and warranted that the Peloton

Bike does not and will not infringe upon the rights of any third parties, including any intellectual property rights.

64. Through both the Peloton Bike Design Agreement and the Peloton Bike Development Agreement, Villency Design Group agreed to indemnify, defend and hold harmless Peloton from any and all third party claims, including intellectual property claims.

65. The patent infringement claims VR Optics asserts in the VR Optics Complaint are directly contrary to Villency Design Group's representations and warranties under each of the Peloton Bike Design Agreement and the Peloton Bike Development Agreement. Consequently, Villency Design Group is in breach of contract with respect to both the Peloton Bike Design Agreement and the Peloton Bike Development Agreement.

66. The patent infringement claims VR Optics asserts are claims for which Villency Design Group expressly promised to defend, hold harmless and indemnify Peloton under each of the Peloton Bike Design Agreement and the Peloton Bike Development Agreement.

67. On September 9, 2016, Peloton formally requested that Villency Design Group indemnify, defend and hold harmless Peloton from the claims of the VR Optics Complaint. Peloton's demand was in writing and delivered in the manner set forth in the Peloton Bike Design Agreement and the Peloton Bike Development Agreement respectively.

68. Villency Design Group has refused to honor its indemnification obligation.

69. Villency Design Group's refusal to honor its indemnification obligation constitutes a breach of each of the Peloton Bike Design Agreement and the Peloton Bike Development Agreement.

70. Villency Design Group's breach of each of the Peloton Bike Design Agreement and the Peloton Bike Development Agreement have proximately caused Peloton harm,

including, but not limited to, fees and costs associated with the defense of VR Optics' claims asserted in the Patent Action.

### COUNT TWO – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
(As To Villency Design Group)

71. Peloton incorporates all of the foregoing paragraphs as if set forth fully herein.

72. Both the Peloton Bike Design Agreement and the Peloton Bike Development Agreement are governed by New York law.

73. A covenant of good faith and fair dealing is associated with both the Peloton Bike Design Agreement and the Peloton Bike Development Agreement.

74. In order to deprive Peloton of the benefits of each of the Peloton Bike Design Agreement and the Peloton Bike Development Agreement, Villency Design Group, through its owners Eric Villency and Joseph Coffey, formed VR Optics to acquire the '513 patent and assert it against Peloton.

75. By forming VR Optics, acquiring the '513 Patent, and asserting the '513 Patent against Peloton, Villency Design Group acts to withhold the benefits of both the Peloton Bike Design Agreement and the Peloton Bike Development Agreement from Peloton.

76. These actions breach the covenant of good faith and fair dealing associated with both the Peloton Bike Design Agreement and the Peloton Bike Development Agreement.

77. Because these actions were taken by the common owners of Villency Design Group and VR Optics, Villency Design Group's conduct is deliberate and willful.

78. Villency Design Group's conduct has proximately caused Peloton harm, including, but not limited to, fees and costs associated with the defense of VR Optics' patent infringement claims.

## COUNT THREE -- INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP
(Against Villency and Coffey)

79. Peloton incorporates all of the foregoing paragraphs as if set forth fully herein.

80. Eric Villency and Joseph Coffey own both Villency Design Group and VR Optics.

81. Eric Villency and Joseph Coffey control both Villency Design Group and VR Optics.

82. Eric Villency and Joseph Coffey have knowledge of the contents of both the Peloton Bike Design Agreement and the Peloton Bike Development Agreement.

83. Without reasonable justification or excuse, Eric Villency and Joseph Coffey induced Villency Design Group to breach both the Peloton Bike Design Agreement and the Peloton Bike Development Agreement in the manner set forth above.

84. Eric Villency and Joseph Coffey acted with the purpose of harming Peloton and, in fact, injured the contractual relationship between Peloton and Villency Design Group.

85. The conduct of Eric Villency and Joseph Coffey has proximately caused Peloton harm, including, but not limited to, fees and costs associated with the defense of VR Optics' patent infringement claims.

86. The conduct Eric Villency and Joseph Coffey interfering with the contractual relationship between Peloton and Villency Design Group has been deliberate and willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Peloton prays for judgment on its claims against Villency Design Group, Eric Villency, and Joseph Coffey as follows:

A. For all sums that may be adjudged against Peloton in favor of VR Optics in the Patent Action;

B. For all sums reasonably incurred by Peloton in the defense of the Patent Action and this Action, including but not limited to attorneys' fees, costs and expenses;

C. For all damages and enhancements due to the willful conduct of Villency Design Group, Eric Villency, and Joseph Coffey; and

D. For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Peloton hereby demands a jury trial as to all issues that are so triable.

November 7, 2016

Respectfully submitted,

/s/ Eric A. Prager
Eric A. Prager
Steven G. Schortgen (pro hac vice to be filed)
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022
Tel: 212.536.3900
Fax: 212.536.3901
eric.prager@klgates.com

*Counsel for Defendant Peloton Interactive, Inc.*