# BakerHostetler

Baker&Hostetler LLP

191 North Wacker Drive
Suite 3100
Chicago, IL 60606-1901

T 312.416.6200
F 312.416.6201
www.bakerlaw.com

Michael D. Gannon
direct dial: 312.416.6294
mgannon@bakerlaw.com

February 6, 2019

**By CM/ECF**
The Honorable J. Paul Oetken
United States District Court Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: VR Optics, LLC v. Peloton Interactive, Inc. v. Villency Design Grp., et al., No. 1:16-cv-6392 (JPO) (S.D.N.Y.) — Reply In Support of Letter Motion to Compel Production of Documents**

Honorable Judge Oetken:

Plaintiff VR Optics, LLC and Third-Party Defendants Villency Design Group, LLC, Eric Villency, and Joseph Coffey (collectively "VRO/VDG") submit this reply in support of its Letter Motion to Compel Production dated February 1, 2019, in order to address the two arguments made by Defendant Peloton Interactive, Inc. ("Peloton") in its Response.

Peloton first argues that there was no waiver because Mr. Foley—Peloton's CEO—disclosed to third parties only "***facts***" and his "own opinions" regarding the McClure Patent. *Peloton Feb. 5, 2019 Response Letter* ("Peloton Resp.") at 1-2 (emphasis in original). With respect to the three emails sent to competitors, Peloton further argues that "the emails simply contain the same facts … that (1) the McClure Patent exists; and (2) publicly-available prior art exists" with "no mention of communications with any attorney, or any substance of attorney advice or counsel." *Id.* at 4. All of the above representations to the Court are directly contradicted by Mr. Foley's express statements in the emails and by Mr. Foley's unambiguous deposition testimony regarding those statements.

The Foley emails not only mention the McClure Patent and attach the prior art, but also (1) state that Peloton "***believes*** [the patent] is invalid; (2) describe the prior art as "***strong***" and "***convincing***"; and (3) share Peloton's prior decision not to purchase the patent based on the prior art: "You may be interested to know that we discovered this prior art 2-3 years ago ***and hence*** didn't pursue buying the IP from MS in the first place." *Ex. D to VRO/VDG Letter Motion* (emphasis added).

Moreover, Mr. Foley's deposition testimony regarding the emails unambiguously affirms that the

subjective opinions regarding the McClure Patent and the prior art that he shared with the third parties were not his opinions, but rather the opinions of Peloton's legal counsel:



With respect to Mr. Foley's disclosures to Mr. Villency and Mr. Coffey, again Peloton's arguments in opposing VRO/VDG's Letter Motion are contradicted by Mr. Foley's deposition testimony. Peloton argues that VRO/VDG somehow "conflates" Mr. Foley's testimony, and then Peloton goes on to cherry pick from his testimony in an attempt to support its position that Mr. Foley disclosed only facts and his personal opinions. *Peloton Resp.* at 2-4. However, Mr. Foley's testimony that he disclosed the opinions of his IP counsel could not have been more clear:





Peloton's second argument against VRO/VDG's motion is its assertion that there is no prejudice to VRO/VDG and that Peloton has not used its asserted privileged information "as a 'sword' while simultaneously denying VRO/VDG discovery (the 'shield')." *Peloton Resp.* at 5.

Yet, it is apparent that Peloton intends to rely upon Mr. Foley's testimony that he told Eric Villency and Joe Coffey ███████████████████████████████ in an effort to paint VRO/VDG and its principals as bad actors. However, VRO/VDG believes that the underlying attorney-client communications that were the subject of this alleged disclosure, to the extent they exist, will not support Mr. Foley's testimony. For example, if Mr. Foley told Mr. Villency ███████████████████████████████████████████████████████████████████████████ *Moreover, Mr. Foley's truthfulness in his sworn deposition testimony—regardless of the subject matter of that testimony—is, of course, very much an issue in this case.* Peloton should not be allowed to assert that ███████████████████████████████████████ while simultaneously hiding behind privilege to avoid producing the only documentation that might contradict that assertion. If, in fact, Mr. Foley told Eric Villency (and later Joe Coffey) ██████████████████████████████ hen any privilege with respect to those communications was waived.

VRO/VDG also believes that Peloton may try to rely upon its alleged communications with Eric Villency and Joe Coffey regarding purported non-infringement and invalidity opinions as a back-door attempt to defeat VRO's willfulness claim. While Peloton should be precluded from doing so because it failed to meet the October 1, 2018 deadline for disclosing any such opinions (Dkt. No. 88), any such reliance would provide an independent basis for waiver. *In re EchoStar Commcns. Corp.*, 448 F.3d 1294, 1304 (Fed. Cir. 2006) ("[W]hen an alleged infringer asserts its advice-of-counsel defense regarding willful infringement of a particular patent, it waives its

immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused.  The waiver of both the attorney-client privilege and the work-product immunity includes not only any letters, memorandum, conversation, or the like between the attorney and his or her client, but also includes, when appropriate, any documents referencing a communication between attorney and client.").

Because Peloton waived attorney-client privilege with respect to its IP counsel's opinions regarding the McClure patent, VRO/VDG respectfully requests that the Court compel the production of all documents reflecting communications regarding the McClure patent—those identified in Peloton's privilege log, the documents clawed back by Peloton, as well as all other documents reflecting such communications including all email correspondence to and from Peloton's IP counsel and internal to Peloton that relate to the McClure patent and all opinions relating to infringement and/or validity.

Sincerely,

*/s/ Michael D. Gannon*

Michael D. Gannon
Counsel for VR Optics, LLC