HARTMANN
DOHERTY
ROSA · BERMAN · BULBULIA
A LIMITED LIABILITY COMPANY · ATTORNEYS AT LAW

800 Third Avenue, 28th Floor
New York, New York 10022
t: 212.344.4619
f: 212.202.4858
www.hdrbb.com

River Edge Office
65 Route 4 East
River Edge, New Jersey 07661
t: 201.441.9056

Short Hills Office
830 Morris Turnpike
Short Hills, New Jersey 07078
t: 973.467.1325

March 1, 2019

**VIA ECF**

Hon. J. Paul Oetken, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *VR Optics, LLC v. Peloton Interactive, Inc.*
               **Civil No. 16-6392 (JPO)**

Dear Judge Oetken:

      This firm represents Plaintiff VR Optics, LLC and Third-Party Defendants Villency Design Group, LLC, Eric Villency, and Joseph Coffey (collectively, "VRO/VDG"). We submit this letter motion pursuant to Paragraph 4(B) of Your Honor's Individual Practices in Civil Cases, and Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure, seeking to compel production of a narrow set of documents relating to financing that Defendant and Third-Party Plaintiff Peloton Interactive, Inc. ("Peloton") applied for and received from non-party ▌▌▌▌▌▌▌▌▌▌▌▌ VRO/VDG requested these documents from Peloton, but Peloton has refused to produce them, and VRO/VDG has subpoenaed the documents from ▌▌▌▌, but ▌▌▌▌ also has refused to produce them.

      The requested documents are directly relevant to the issue of the credibility of Peloton's key witness, its CEO, John Foley. From Foley's deposition testimony, it appears likely that the requested documents will show that, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Therefore, both Peloton and ▌▌▌▌ should be compelled to produce the documents.

**Background**

▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ (excerpts attached as Exhibit A). In connection with that financing, Peloton's executives were required to complete questionnaires, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ For example, Peloton co-founder, Graham Stanton, testified at his deposition:

Honorable J. Paul Oetken
March 1, 2019
Page 2



██████████████████████████ (excerpts attached as Exhibit B).

Peloton's CEO, John Foley, on the other hand, admitted at his deposition that ████████████████████████████████████████████████████████████████████████





VRO/VDG requested that Peloton produce ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Exhibit C at 2. Peloton did not respond to the request or to VRO/VDG's follow up requests to meet and confer. *See* Exhibit C at 1, 3. VRO/VDG then subpoenaed the documents from ▓▓▓▓▓▓ *See* January 31, 2019 Subpoena attached as Exhibit D. The January 31 Subpoena sought exactly the same, narrow set of documents – ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Nonetheless, by letter dated February 13, 2019, ▓▓▓▓▓▓ objected to the subpoena and informed VRO/VDG that it simply would "not be producing any documents in response to the Subpoena." Exhibit E at 2. As discussed below, both Peloton and ▓▓▓▓▓▓ should be compelled to produce this narrow set of documents.

**The Subpoena was Timely Served**

▓▓▓▓ objects that the subpoena was returnable after the February 1, 2019 close of fact discovery. It lacks standing to lodge such an objection. ▓▓▓▓ is not a party to this case, and the discovery schedule has no impact upon it. Whatever burden there might be on ▓▓▓▓ (there is virtually none) would be the same whether the subpoena had been served three months ago or three months from now. In any event, VRO/VDG served the Subpoena on January 31, 2019, prior to the discovery end date of February 1, immediately after first requesting the documents from Peloton and after confirming ▓▓▓▓ on January 24, 2019. Further, Peloton itself just filed a motion to compel production of additional documents it says it learned of in the January depositions, expert discovery does not close until May 3, 2019, and the dispositive motion deadline is not until June 3, 2019. Contrary to ▓▓▓▓ discovery deadline. *See, e.g.*, *Taylor Precision Prods. v. Larimer Grp. Inc.*, 2017 U.S. Dist. LEXIS 54603 (S.D.N.Y. Feb. 27, 2017) (concluding that non-party subpoena served shortly before the deadline for completion of fact discovery was timely under Rule 45).

Even the cases cited in ▓▓▓▓ objection letter do not state that a subpoena returnable after the close of discovery cannot be enforced. For instance, in *Marvin Lumber & Cedar Co. v. PPG Indus.*, 177 F.R.D. 443 (D. Minn. 1997), the court refused to enforce a non-party subpoena but noted that, "[t]he close of discovery does not prohibit [plaintiff] from serving a subpoena duces tecum upon [another entity], *because [the other entity] is a non-party to the litigation*." 177 F.R.D. at 445 (emphasis added). And, in *Kelly v. Wright Medical Technology, Inc.*, 2003 WL 40473 (S.D.N.Y Jan. 3, 2003) the plaintiff, who had served a non-party subpoena on the last day of fact discovery, was previously aware that a non-party possessed certain relevant documents, but "offered no explanation for her failure to seek this material earlier." 2003 WL 40473, at *1. As stated above, VRO/VDG did not delay; VRO/VDG confirmed the existence of the ▓▓▓▓ and then immediately sought their production from Peloton and subpoenaed ▓▓▓▓.

Of course, the Court has broad discretion to direct and manage pre-trial discovery. *See Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004). Here, there will be no undue burden on Peloton or ▓▓▓▓, and, therefore, they should both be ordered to produce this narrow set of relevant documents.

**The Questionnaires are Relevant to the Claims in this Matter**

▓▓▓▓ further objects to the Subpoena on the basis that the documents are "irrelevant and immaterial to the issues in the case." Exhibit E at 1. ▓▓▓▓ is not a party to this lawsuit and has no standing to argue what is and is not relevant. Regardless, the documents VRO/VDG has requested are ▓▓▓▓ he is not credible, and if this case reaches trial, his credibility will be directly at issue.

**The Documents will be Subject to the Terms of the Parties' Stipulated Protective Order**

▬▬▬ final objection is based on its assertion that the requested documents are the subject of a confidentiality agreement between ▬▬▬ and Peloton. This objection is misplaced, as the Stipulated Protective Order entered by this Court on May 15, 2018, expressly provides for the protection of documents produced by non-parties. *See* ECF Doc. No. 82 at 2.3 (defining "Designating Party" to include a "Party or Non-Party"); 2.13 (including "Non-Party" in the definition of "Producing Party"); 5.1 ("Each Party or Non-Party that designates information or items for protection under this Order . . ."). Indeed, VRO/VDG provided ▬▬▬ with a copy of the Stipulated Protective Order, along with the express instruction that the documents could be produced "in accordance with the Protective Order in this case, attached as [an exhibit]." Exhibit D at 6.

**Both Peloton and ▬▬▬ Must Produce ▬▬▬▬▬▬▬▬▬▬**

▬▬▬ counsel's response letter states that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Exhibit E at 2. If that is true, ▬▬▬ should respond to the subpoena with an affidavit indicating as much. But what is more likely is that this representation is a hasty response by ▬▬▬ counsel, who does not have personal knowledge, because ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Further, ▬▬▬ certainly has documents responsive to VRO/VDG's first request for production: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Exhibit D at 6.

Given ▬▬▬'s unreliable representation, and its refusal to produce any other documents, as well as Peloton's refusal to even engage regarding these requests, VRO/VDG is rightly suspicious that Peloton and ▬▬▬ are working together to avoid production of these documents. Thus, both ▬▬▬ and Peloton (which, according to its former President and co-founder, ▬▬▬, certainly had these documents in the past) must produce the responsive documents in their possession, so that VRO/VDG can be sure it has received the documents that exist.

For these reasons, VRO/VDG respectfully request that the Court compel Peloton and ▬▬▬ to produce the documents requested in the attached January 31, 2019 Subpoena.

Respectfully submitted,

s/ Paul S. Doherty III

Paul S. Doherty III

cc: Counsel of Record (via ECF)
Attorneys for ▬▬▬ (via email and mail)