HARTMANN DOHERTY
ROSA BERMAN & BULBULIA
Limited Liability Company          Attorneys At Law

433 Hackensack Avenue, Suite 1002
Hackensack, New Jersey 07601
t: 201.441.9056
f: 201.441.9435
www.hdrbb.com

New York Office
800 Third Avenue, 28th Floor
New York, New York 10022
t: 212.344.4619

Short Hills Office
830 Morris Turnpike, 3rd Floor
Short Hills, New Jersey 07078
t: 973.467.1325

June 7, 2019

**VIA ECF**

Honorable J. Paul Oetken
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

    Re: *VR Optics, LLC v. Peloton Interactive, Inc.*, **Civil No. 16-6392 (JPO)**

Dear Judge Oetken:

  We represent Plaintiff VR Optics, LLC and Third-Party Defendants Villency Design Group, LLC, Eric Villency, and Joseph Coffey (collectively, "VRO/VDG"). We are writing in opposition to Defendant Peloton Interactive, Inc.'s letter motion (Dkt. No. 155) for leave to file under seal VRO/VDG's March 1, 2019 motion to compel (Dkt. No. 143) and Peloton's opposition to that motion to compel (Dkt. No. 147).

  On May 15, 2019, the Court ordered the parties to re-file in unredacted form the discovery motions they had previously filed under seal. The Court found that under the standard set out in *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006), "the parties' briefs and the attached exhibits filed in connection with these motions to compel are 'judicial documents' to which a presumptive right of public access attaches, because the filings are 'relevant to the performance of the judicial function and useful in the judicial process.'" (Dkt. No. 151 at 17.) The Court noted that that is generally true of documents submitted in support of a motion to compel discovery that are necessary or helpful in resolving that motion. (*Id.*) Since neither party presented any reason the Court should set aside the presumption of access to documents filed with the Court, under both the common law and the First Amendment, the Court ordered the documents be re-filed in unredacted form. (*Id.* at 17-18.)

  Peloton's motion identifies no specific justification for keeping the parties' motion papers sealed and for rebutting the strong presumption of open access to judicial documents. The closest Peloton comes to describing the material that it redacted, and the reason for its redaction, is that the material "relate[s] to confidential questionnaires that Peloton's executives completed in connection with Catterton's capital investment in Peloton." (155 at 1.) Peloton offers the Court no explanation, though, of what material contained in these questionnaires is so sensitive that the presumption for open access to Court records is overcome. Peloton certainly does not give the Court enough information so that the Court can make the findings required by the Second Circuit in *Lugosch*. *See Lugosch*, 435 F.3d at 120 ("Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest. Broad and general findings by the trial court, however, are not sufficient to justify closure.") (internal citations and quotations omitted); *see also Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018) (finding that a "conclusory assertion that the

[documents to be sealed] concern 'embarrassing conduct with no public ramifications'" are insufficient because the party seeking to seal a document must "explain what conduct may, or may not, be embarrassing or the public ramifications of that conduct"); *In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("The party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test."); *Sony Ericsson Mobile Commcns. AB v. Delta Elecs. Publ. Co.*, No. 09-cv-995 (BSJ), 2009 WL 959639, at *2 (S.D.N.Y. Apr. 8, 2009) (finding that a "general statement that the documents at issue relate to the private and commercial interests of the parties involved and contain sensitive commercial information" are insufficient where the party "has not made clear to the court why any of the information contained in the documents is particularly sensitive. Indeed . . . [a party's concern] that the documents contain information damaging to its reputation . . . without more, does not warrant judicial protection").

Importantly, it is not even the "confidential questionnaires" themselves that are at issue on this motion. What Peloton is asking the Court to keep under seal is Peloton's key witnesses' sworn deposition testimony, given in this case, during which they themselves characterized what the questionnaires asked for and what they answered. VRO/VDG's motion papers asked the Court to compel production of the questionnaires after it became clear that some of the testimony and/or answers to the questionnaires were not true. The Court thus granted VRO/VDG's motion because the questionnaires "may contain information that could be used for impeachment purposes at trial." (Dkt. No. 151 at 15.) Determining the credibility of Peloton's key witnesses is certainly within the Court's "judicial function" and the Court was correct to order the motion papers and their attachments filed unredacted.

Last, Peloton's apparent over-sensitivity to the public revelation of what its executives have said to secure financing in the past appears to be connected to Peloton's intention to file an initial public offering in the near future. On the same day Peloton filed its motion to seal, June 5, 2019, Peloton also issued a press release announcing that it had submitted a draft registration statement for its proposed initial public offering.[1] It is troubling that Peloton did not disclose this to the Court in connection with this motion. Nevertheless, if the potential for adverse publicity is driving Peloton's motion, the motion should be denied. "Generalized concerns of adverse publicity do not outweigh the presumption of access." *Bernsten*, 307 F. Supp. 3d at 169. Peloton's possible, unstated concerns about its IPO should not be a factor, whereas assessing Peloton's key witnesses' credibility is critical, and that credibility determination should be made in the open.

For these reasons, VRO/VDG requests that the Court deny Peloton's motion to seal.

Respectfully submitted,

s/ Paul S. Doherty, III

Paul S. Doherty, III

---

[1]   *See*  https://www.prnewswire.com/news-releases/peloton-announces-confidential-submission-of-draft-registration-statement-for-proposed-initial-public-offering-300862485.html.