UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VR OPTICS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PELOTON INTERACTIVE, INC., a Delaware Corporation,<br><br>    Defendant.<br><br>―――――――――――――――――――――<br><br>PELOTON INTERACTIVE, INC.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>VILLENCY DESIGN GROUP, LLC, ERIC VILLENCY and JOSEPH COFFEY,<br><br>    Third-Party Defendants. | Civil No. 16-6392 (JPO)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF VR OPTICS, LLC'S MOTION TO EXCLUDE OPINIONS OF RICHARD M. GOODIN**<br><br>REDACTED VERSION |

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 1

III. LEGAL STANDARD.......................................................................................................... 2

IV. ARGUMENT ....................................................................................................................... 3

   A. Mr. Goodin's Opinions Should Be Excluded In Their Entirety Because His Report Did Not Disclose Numerous Materials He Considered. ....................................................... 3

   B. Mr. Goodin's Opinion Regarding "Public" Versions Of UltraCoach VR Is Not Based On Evidence And Is Contrary To His Experience ......................................................... 5

   C. Undisclosed Opinions ..................................................................................................... 8

V. CONCLUSION .................................................................................................................... 9

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)......................................................................................................1, 2

*Davis v. Carroll*,
   937 F. Supp. 2d 390 (S.D.N.Y. 2013)..............................................................................2, 3

*Design Strategy, Inc. v. Davis*,
   469 F.3d 284 (2d Cir. 2006)................................................................................................3

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136, 146 (1997)....................................................................................................2

*Euclid Chem. Co. v. Vector Corrosion Techs., Inc.*,
   No. 05-cv-80, 2007 WL 1560277 (N.D. Ohio May 29, 2007) ...........................................3

*Faulkner v. Arista Records LLC*,
   46 F. Supp. 3d 365 (S.D.N.Y. 2014)...................................................................................5

*In re Mirena IUD Prods. Liab. Litig.*,
   169 F. Supp. 3d 396 (S.D.N.Y. 2016).................................................................................3

*LaSalle Bank Nat'l Ass'n v. CIBC Inc.*,
   No. 08-cv-8426, 2012 WL 466785 (S.D.N.Y. Feb. 14, 2012) ...........................................8

*Malletier v. Dooney & Bourke, Inc.*,
   525 F. Supp. 2d 558 (S.D.N.Y. 2007).................................................................................2

*Medisim Ltd. v. BestMed LLC*,
   861 F. Supp. 2d 158 (S.D.N.Y. 2012).................................................................................2

*United States v. Williams*,
   506 F.3d 151 (2d Cir. 2007)................................................................................................3

*Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*,
   571 F.3d 206 (2d Cir. 2009)................................................................................................2

**Rules**

Fed. R. Civ. P. 37..........................................................................................................................3

Fed. R. Civ. P. 26.......................................................................................................................3, 9

Fed. R. Evid. 403 ..........................................................................................................................2

Fed. R. Evid. 702 ............................................................................................................................1, 2

I.   **INTRODUCTION**

The opinions of Peloton's expert, Mr. Goodin, should be excluded from trial pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and Federal Rule of Evidence 702.  Mr. Goodin offers opinions regarding versions of UltraCoach VR software which do not rest on a reliable foundation and would be misleading to a jury.  Further, Mr. Goodin's opinions should be excluded because his report failed to identify numerous materials he considered with his expert report.

II.   **BACKGROUND**

Peloton is offering Mr. Goodin to testify regarding purported versions of an alleged prior art reference, UltraCoach VR.  Mr. Goodin's expertise is in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. B at 10:24-11:1, rather than fitness equipment.

Mr. Goodin received ▮▮▮▮▮▮▮▮▮▮▮▮ from Peloton's counsel.  *Id.* at 14:8-10.  Mr. Goodin's assignment from Peloton's counsel was to look at the "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"  *Id.* at 16:15-18.  Mr. Goodin testified that he looked at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *Id.* at 26:13-17.  However, Mr. Goodin's report only mentions two DVDs, only discusses UltraCoach VR, and he only simulated two versions of UltraCoach VR.  *See id.* at 188:20-22 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

Mr. Goodin testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *Id.* at 48:17-24.  Mr. Goodin did not use any fitness equipment to test out the software.  Instead, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



1

███████████████████████████████████████████████████████████. *Id.* at 146:24-147:24. ███████████████████████████████████████████████████████████████████ *Id.* at 156:18-159:3.

### III. LEGAL STANDARD

It is Peloton's burden to establish the admissibility of Mr. Goodin's testimony. *Medisim Ltd. v. BestMed LLC*, 861 F. Supp. 2d 158, 164 (S.D.N.Y. 2012). Expert testimony is admissible only if it is "based on sufficient facts or data," "the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d). Further, expert testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). The trial court has a "gatekeeping role" to "ensur[e] that the expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597 (1993).

If "there is simply too great an analytical gap between the [basis for the expert opinion] and the opinion proffered," a trial court may exclude the testimony as unreliable. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Additionally, "expert testimony 'can be both powerful and misleading because of the difficulty of evaluating it,'" and therefore "the judge in applying Rule 403 must exercise 'more control over experts than over lay witnesses.'" *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 580 (S.D.N.Y. 2007) (quoting *Daubert*, 509 U.S. at 595). "[A] trial judge should exclude expert testimony if it is speculative or conjectural or based on assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison." *Davis v. Carroll*, 937 F. Supp. 2d 390, 413 (S.D.N.Y. 2013) (quoting *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 213-14

2

(2d Cir. 2009)). Peloton must satisfy all these requirements to establish the admissibility of Mr. Goodin's opinions. *Id.* (citing *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007)).

## IV. ARGUMENT

Mr. Goodin's testimony should be excluded entirely because he considered numerous undisclosed documents as part of preparing his report. Further, Mr. Goodin's opinions regarding the features or capabilities of UltraCoach VR software as it was distributed to customers should be excluded because they are based on unreliable methodology. Finally, Mr. Goodin should be excluded from testifying regarding undisclosed opinions.

### A. Mr. Goodin's Opinions Should Be Excluded In Their Entirety Because His Report Did Not Disclose Numerous Materials He Considered.

Mr. Goodin's opinions are based on numerous undisclosed documents and should be excluded. An expert report "<u>must contain</u>: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) <u>the facts or data considered by the witness in forming them</u> . . . ." Fed. R. Civ. P. 26(a)(2) (emphasis added). "The courts have embraced an objective test that defines 'considered' [in Rule 26(a)(2)(B)(ii)] as anything received, reviewed, read, or authored by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed." *In re Mirena IUD Prods. Liab. Litig.*, 169 F. Supp. 3d 396, 470 (S.D.N.Y. 2016) (quoting *Euclid Chem. Co. v. Vector Corrosion Techs., Inc.*, No. 05-cv-80, 2007 WL 1560277, at *4 (N.D. Ohio May 29, 2007)). There is no bad faith requirement for exclusion under Rule 37(c)(1) for failure to meet Rule 26 disclosure requirements. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006). Mr. Goodin's report failed to identify numerous documents he relied upon in reaching his opinions; Mr. Goodin's report does not identify source code he relied upon, the transcript of the deposition of Paul Stewart, videos, and saved workout files he created.

3

Mr. Goodin asserts he "observed source code supporting . . . features" of UltraCoach VR, Ex. A at ¶¶ 19-21, yet he did not identify any source code in his report, nor did his report include a list of materials considered. *See, e.g.*, Ex. B at 177:25-178:6 ("▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇."). During his deposition, Mr. Goodin revealed ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See, e.g.*, *id.* at 190:17-20 ("▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇") & 189:24-190:9 ("▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇"). Mr. Goodin could not remember ▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.* at 190:10-14 & 191:10-21.

Mr. Goodin revealed during the deposition that he had ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. B at 13:13-14:15. ▇▇▇▇▇▇▇▇ is not identified or even mentioned in Mr. Goodin's report.

Mr. Goodin also revealed that his understanding of CompuTrainer ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.* at 135:5-10 ("▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇"); 137:6-20 ("▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

4



"").

Further, in addition to ████████████, Mr. Goodin ████████████ ████████████, yet did not disclose the ████████████ ████████████. Ex. B at 205:20-24. ████████████." *Id.* at 206:2-4. ████████ were not identified in Mr. Goodin's report.[1]

Mr. Goodin's expert disclosure was not missing one or two documents inadvertently left out from a list of materials considered; Mr. Goodin's report did not list any of these materials, and his consideration of them was not discovered until his deposition on May 1, 2019, two days before the close of expert discovery and two months after the deadline for expert disclosures. *See* Dkt. No. 121. Accordingly, Mr. Goodin's opinions should be excluded.

### B. Mr. Goodin's Opinion Regarding "Public" Versions Of UltraCoach VR Is Not Based On Evidence And Is Contrary To His Experience

Mr. Goodin's opinions regarding whether features or capabilities of UltraCoach VR software were public should be excluded as unreliable. "In deciding whether a step in the expert's analysis is unreliable, the district court should undertake a rigorous examination of the facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand." *Faulkner v. Arista Records LLC*, 46 F. Supp. 3d 365, 376 (S.D.N.Y. 2014). Mr. Goodin opines regarding two simulated versions of UltraCoach VR: 0.0 and 1.99.72.1. Ex. A at ¶ 2. Mr. Goodin asserts that he was "able to install and operate" both versions of UltraCoach VR "in a manner that was a true

---

[1] Further, Mr. Goodin's report does not affirmatively identify the programs he created nor include copies of the code he wrote.

5

and correct representation of that software <u>as it was originally distributed to customers</u>." Ex. A at ¶¶ 33 & 39 (emphasis added).  However, Mr. Goodin's opinions regarding whether his installation and operation was "as it was originally distributed to customers" are based on insufficient evidence and are contrary to his own experience.

First, Mr. Goodin does not know whether the 0.0 and 1.99.72.1 versions of UltraCoach VR he simulated were ever released to the public. . Ex. B at 38:10-23.  Mr. Goodin acknowledged ▮▮▮▮, *id.* at 46:25-47:5, so it is unknown whether the particular versions of UltraCoach VR that Mr. Goodin simulated were ever actually released to the public.  Further, Mr. Goodin did not ▮▮▮▮.  *Id.* at 179:3-5 & 195:7-9.

Second, the process by which Mr. Goodin simulated the operation of these two versions of UltraCoach VR could not produce a reliable indication of what was public.  As explained above, Mr. Goodin located the two versions of UltraCoach VR in folders on the DVDs.  Ex. A at ¶¶ 32 & 35.  It was discovered during Mr. Goodin's deposition that he ▮▮▮▮  Ex. B at 145:4-8.

Mr. Goodin testified that the source code for these serial protocols corresponded to those versions of UltraCoach VR.  As excerpted below, his basis for this claim was (1) the locations of the source code files on the DVDs, and (2) that he was able to create two programs to work with the versions of UltraCoach VR he installed.  Neither of these withstand scrutiny.

First, Mr. Goodin testified he had no knowledge regarding the author of the disks or how it was composed:

6

███████████████████████████████████████████████████

██  ██

████████████████████████████████

██ ████████████████████████████████

Ex. B at 193:11-25.  Mr. Goodin did not know ████████████████████

████████████████████████. *Id.* at 144:16-19.  Further, Mr. Goodin acknowledged

████████████████████████████████████████████████████

████████████████████████████████████████████████" *Id.* at

144:13-15.

    Mr. Goodin's other basis for claiming ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████

████████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████

Ex. B at 192:20-193:4 (emphasis added).  Just because Mr. Goodin ████████████

████████████████████████████████████████████████

7

████████ [2] Mr. Goodin did not ████████████████████████████████████████████████████. *Id.* at 143:4-10.

        **C.**    **Undisclosed Opinions**

Mr. Rawls should be excluded from testifying regarded undisclosed opinions. "The expert's report operates to limit the scope of the testimony that can be elicited from the expert. Opinions that are not disclosed in the expert's report cannot be offered." *LaSalle Bank Nat'l Ass'n v. CIBC Inc.*, No. 08-cv-8426, 2012 WL 466785, at *9 (S.D.N.Y. Feb. 14, 2012). Despite this, Mr. Rawls concludes his report by stating: "I reserve my right to demonstrate both the UltraCoach 1996 and UltraCoach 1999 programs in the operating environments described above at trial, including <u>with actual</u> or emulated <u>serial port data connectivity</u>." Ex. A at ¶ 41 (emphasis added).

Mr. Goodin's report only extends to, at most, simulated UltraCoach VR versions 0.0 and 1.99.72.1 in a Windows 95 virtual machine environment with emulated serial data port connectivity. Ex. A at ¶ 29 ("The virtual machine will allow us to send data to and from a unix domain socket and it will act within the VM <u>as if</u> the data was to/from the serial port." (emphasis added)). Mr. Goodin ███████████████████████████████████████████ ███████████. Ex. B at 165:11-20, 184:3-10. Further, Mr. Goodin ███████████████ ████████████████████████████████████████ *Id.* at 184:9-10.

Mr. Goodin should be excluded from offering any opinions regarding actual serial data port connectivity. Mr. Goodin did not test or demonstrate any actual serial data port connectivity, nor use of UltraCoach VR—actual or simulated—with actual fitness equipment.

---

[2] Neither the ████████████████ nor ██████████████████████ on were identified or included with Mr. Goodin's report.

## V. CONCLUSION

Mr. Goodin's report did not identify numerous materials he considered as part of preparing his report as required by Rule 26 and should therefore be excluded in their entirety. Further, Mr. Goodin's opinions regarding whether the versions of UltraCoach VR he simulated were as they were operated and installed by customers are not based on any sound methodology or evidence. Finally, Mr. Goodin cannot testify outside the scope of his report.

Dated: July 1, 2019

Respectfully submitted,

By: /s/ Michael D. Gannon
Leif R. Sigmond, Jr
(*admitted pro hac vice*)
E-mail: lsigmond@bakerlaw.com
Michael D. Gannon
(*admitted pro hac vice*)
E-mail: mgannon@bakerlaw.com
Jennifer M. Kurcz
(*admitted pro hac vice*)
E-mail: jkurcz@bakerlaw.com
**BAKER & HOSTETLER LLP**
1 North Wacker Drive
Suite 4500
Chicago, IL 60606
T +1.312.416.6200
F +1.312.416.6201

Paul S. Doherty III, Esq.
pdoherty@hdrbb.com
Mark A. Berman, Esq.
mberman@hdrbb.com
**HARTMANN DOHERTY ROSA BERMAN & BULBULIA LLC**
800 Third Avenue, 28th Floor
New York, NY 10022
212-344-4619
Fax: 201-441-9435

*Attorneys for Plaintiff VR Optics, LLC*

9