**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VR OPTICS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>PELOTON INTERACTIVE, INC., a Delaware Corporation,<br><br>      Defendant.<br><br>---<br><br>PELOTON INTERACTIVE, INC.,<br><br>      Third-Party Plaintiff,<br><br>v.<br><br>VILLENCY DESIGN GROUP, LLC, ERIC VILLENCY and JOSEPH COFFEY,<br><br>      Third-Party Defendants. | Civil No. 16-6392 (JPO)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF VR OPTICS, LLC'S MOTION TO EXCLUDE OPINIONS OF R. LEE RAWLS** |

TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................... 1

II.   LEGAL STANDARD ..................................................................................................... 1

III.  ARGUMENT .................................................................................................................. 2

    A.   Mr. Rawls' Opinions Fail To Apply This Court's Claim Construction. ......................... 2

    B.   Mr. Rawls Does Not Qualify As A POSITA Under This Court's Definition ................. 5

    C.   Mr. Rawls' *Ipse Dixit* Opinions On Invalidity Rely Almost Exclusively On Analyses
    Performed By Peloton's Attorneys ................................................................................... 6

    D.   Mr. Rawls Opinion Regarding CycleOps Lacks Any Analysis—Whether Of His Own
    Or By Peloton's Attorneys ............................................................................................... 9

    E.   Mr. Rawls' Opinions Regarding Anticipation By UltraCoach VR Lack Foundation And
    Improperly Rely On Multiple "Collective" References .................................................. 10

    F.   Mr. Rawls' Opinions Regarding Enablement Misapply The Law ................................... 11

    G.   Mr. Rawls' Opinions On Indefiniteness Have Already Been Rejected By This Court In
    Markman .......................................................................................................................... 13

    H.   Any Opinions Mr. Rawls Might Offer That Are Not Addressed In His Report Should
    Be Excluded ..................................................................................................................... 14

    I.   Mr. Rawls Cannot Speculate As To What Examiner Richman Considered ...................... 15

IV.   CONCLUSION .............................................................................................................. 16

TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*523 IP LLC v. CureMD.com*,
   48 F. Supp. 3d 600 (S.D.N.Y. 2014)........................................................................................2

*ALZA Corp. v. Andrx Pharms., LLC*,
   603 F.3d 935 (Fed. Cir. 2010)................................................................................................12

*CA, Inc. v. Simple.com, Inc.*,
   780 F. Supp. 2d 196 (E.D.N.Y. 2009) ...................................................................................10

*Cognex Corp. v. Microscan Sys., Inc*,
   No. 13-cv-2027 (JSR), 2013 WL 5550092 (S.D.N.Y. Sept. 30, 2013) .................................10

*CDR-Wantagh, Inc. v. Shell Oil Co.*,
   No. 07-cv-4497, 2011 WL 795865 (E.D.N.Y. Feb. 28, 2011) ..................................................6

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)............................................................................................................1, 16

*Davis v. Carroll*,
   937 F. Supp. 2d 390 (S.D.N.Y. 2013).......................................................................................2

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F.3d 1312 (Fed. Cir. 2009)...........................................................................................4, 14

*Finisar Corp. v. DirecTV Grp., Inc.*,
   523 F.3d 1323 (Fed. Cir. 2008)..............................................................................................10

*Flex-Rest, LLC v. Steelcase, Inc.*,
   455 F.3d 1351 (Fed. Cir. 2006)................................................................................................5

*Frank's Casting Crew v. PMR Techs, Ltd.*,
   292 F.3d 1363 (Fed. Cir. 2002)................................................................................................4

*Genentech, Inc. v. Novo Nordisk A/S*,
   108 F.3d 1361 (Fed. Cir. 1997)..............................................................................................12

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136, 146 (1997).................................................................................................1, 2, 9

*Glaxo Grp. Ltd. v. Apotex, Inc.*,
   376 F.3d 1339 (Fed. Cir. 2004)..............................................................................................15

*Hilaire v. DeWalt Indus. Tool Co.*,
    54 F. Supp. 3d 223 (E.D.N.Y. 2014) ........................................................................9

*In re Omeprazole Patent Litig.*,
    490 F. Supp. 2d 381 (S.D.N.Y. 2007).....................................................................16

*In re Wands*,
    858 F.2d 731 (Fed. Cir. 1988).................................................................................12

*LaSalle Bank Nat'l Ass'n v. CIBC Inc.*,
    No. 08-cv-8426, 2012 WL 466785 (S.D.N.Y. Feb. 14, 2012) ...............................14

*Liquid Dynamics Corp. v. Vaughan Co.*,
    449 F.3d 1209 (Fed. Cir. 2006)...........................................................................4, 14

*Malletier v. Dooney & Bourke, Inc.*,
    525 F. Supp. 2d 558 (S.D.N.Y. 2007).......................................................................1

*Medisim Ltd. v. BestMed LLC*,
    861 F. Supp. 2d 158 (S.D.N.Y. 2012)..................................................................1, 12

*Mobile Med. Int'l Corp. v. Advanced Hosp. Sys. Inc.*,
    No. 2:07-cv-231, 2015 WL 778553 (D. Vt. Feb. 24, 2015) .....................................5

*Net MoneyIN, Inc. v. VeriSign, Inc.*,
    545 F.3d 1359 (Fed. Cir. 2008)...............................................................................10

*Numatics, Inc. v. Balluff, Inc.*,
    66 F. Supp. 3d 9343 (E.D. Mich. 2014)..............................................................6, 7, 9

*PacTool Int'l, Ltd. v. Kett Tool Co.*,
    No. 3:06-cv-05367, 2012 WL 3637391 (W.D. Wash. Aug. 22, 2012)......................2

*Sanofi-Synthelabo v. Apotex, Inc.*,
    492 F. Supp. 2d 353 (S.D.N.Y. 2007).....................................................................15

*Scanner Techs. Corp. v. Icos Vision Sys. Corp.*,
    253 F. Supp. 2d 624 (S.D.N.Y. 2003).....................................................................12

*Sloan Valve Co. v. Zurn Indus. Inc.*,
    No. 10-cv-00204, 2013 WL 6068790 (N.D. Ill. Nov. 18, 2013) ..............................5

*Streck, Inc. v. Research & Diagnostic Sys., Inc.*,
    665 F.3d 1269 (Fed. Cir. 2012)...............................................................................12

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
    550 F.3d 1356 (Fed. Cir. 2008).................................................................................5

*Trs. of Boston Univ. v. Everlight Elecs. Co.*,
    896 F.3d 1357 (Fed. Cir. 2018)..................................................................................12

*United States v. Williams*,
    506 F.3d 151 (2d Cir. 2007)........................................................................................2

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*,
    824 F.3d 1344 (Fed. Cir. 2016)...................................................................................3

*Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*,
    571 F.3d 206 (2d Cir. 2009)........................................................................................2

**Rules**

Fed. R. Evid. 403 .............................................................................................................1

Fed. R. Evid. 702 .......................................................................................................1, 16

## I.   INTRODUCTION

The opinions of Peloton's expert, Mr. Rawls, should be excluded from trial pursuant to

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and Federal Rule of

Evidence 702.  Mr. Rawls admits to a lack of expertise and offers conclusory opinions on

infringement and invalidity.  These opinions are based on "analysis" provided by Peloton's

counsel, disregard of the Court's *Markman* Order, *ipse dixit*, and misapplication of the law.

## II.   LEGAL STANDARD

It is Peloton's burden to establish the admissibility of Mr. Rawls' testimony.  *Medisim*

*Ltd. v. BestMed LLC*, 861 F. Supp. 2d 158, 164 (S.D.N.Y. 2012).  Expert testimony is admissible

only if it is "based on sufficient facts or data," "the product of reliable principles and methods,"

and "the expert has reliably applied the principles and methods to the facts of the case."  Fed. R.

Evid. 702(b)-(d).  Further, expert testimony must "help the trier of fact to understand the

evidence or to determine a fact in issue."  Fed. R. Evid. 702(a).  The trial court has a

"gatekeeping role" to "ensur[e] that the expert's testimony both rests on a reliable foundation and

is relevant to the task at hand."  *Daubert*, 509 U.S. at 597.

If "there is simply too great an analytical gap between the [basis for the expert opinion]

and the opinion proffered," a trial court may exclude the testimony as unreliable.  *Gen. Elec. Co.*

*v. Joiner*, 522 U.S. 136, 146 (1997).  Additionally, "expert testimony 'can be both powerful and

misleading because of the difficulty of evaluating it,'" and therefore "the judge in applying Rule

403 must exercise 'more control over experts than over lay witnesses.'"  *Malletier v. Dooney &*

*Bourke, Inc.*, 525 F. Supp. 2d 558, 580 (S.D.N.Y. 2007) (quoting *Daubert*, 509 U.S. at 595).

"[A] trial judge should exclude expert testimony if it is speculative or conjectural or based on

assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an

apples and oranges comparison." *Davis v. Carroll*, 937 F. Supp. 2d 390, 413 (S.D.N.Y. 2013)

(quoting *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 213-14

(2d Cir. 2009)).  Peloton must satisfy all these requirements to establish the admissibility of Mr.

Rawls' opinions.  *Id.* (citing *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007)).

## III.   ARGUMENT

Peloton cannot meet its burden.  Mr. Rawls ignore the claim constructions held by this

Court, doesn't meet the Court's definition of a POSITA, and instead of analyzing the prior art

himself, relies on attorney claim charts generated before he was retained.  Moreover, Mr. Rawls

employs principles and analysis directly contrary to the law.  The opinions of Mr. Rawls do not

meet the standards for admissibility and should be excluded.

Peloton cannot meet its burden for reasons similar to those that have had Mr. Rawls'

opinion excluded in the past.  *See PacTool Int'l, Ltd. v. Kett Tool Co.*, No. 3:06-cv-05367, 2012

WL 3637391, at *5 (W.D. Wash. Aug. 22, 2012) ("[T]he Court grants Kett's motion to exclude

the Report and related testimony of Mr. Rawls because 'there is simply too great an analytical

gap between the data and the opinion proffered.'"  (quoting *Joiner*, 522 U.S. at 146)).  Like in

*PacTool*, Peloton "has failed to show that the Report[s]'[] proffered conclusions are connected to

the underlying data by anything other than the *ipse dixit* of Mr. Rawls."  *Id.* at *4.

### A.   Mr. Rawls' Opinions Fail To Apply This Court's Claim Construction.

Mr. Rawls violates a basic principle of claim construction in reaching his opinions:

"Claim construction is not for an expert to determine; it is a matter of law for the Court to

decide."  *523 IP LLC v. CureMD.com*, 48 F. Supp. 3d 600, 648 (S.D.N.Y. 2014).  "To the extent

[an expert] proffers opinions that are something more than disguised claim construction

arguments, those opinions too are now irrelevant and unreliable."  *Id.*  Further, "it is improper for

juries to hear conflicting expert testimony on the correctness of a claim construction, given the

risk of confusion." *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1350 (Fed. Cir. 2016).

In construing the claim terms "logic" and "logic configure to," which the Court noted are "ubiquitous throughout the '513 patent's claim limitations," Dkt. No. 112 at 23, the Court rejected Peloton's argument that "logic" was a means-plus-function term. *Id.* at 24. The Court found the terms to connote a sufficiently definite structure and emphasized that "bypassing the word 'logic' and construing the claim limitations as disclosing only function would essentially delete a word expressly included in the claim terms, which the Federal Circuit has warned is legal error." *Id.* at 24-25. Accordingly, the Court held that the terms "logic" and "logic configured to" should be afforded their plain and ordinary meaning. *Id.* at 26.

Mr. Rawls does not simply ignore the Court's construction, he directly contradicts it. In the conclusion section of his invalidity report, he summarizes his opinions, asserting that the '513 patent "used the term 'logic' to ***describe black box functionality*** throughout the specification and the claims. Many different functions were described as being accomplished through the implementation of 'logic' but ***no structure (other than the word 'logic') was disclosed*** to accomplish any of that functionality." Ex. B at 69-70 (emphasis added).

Thus, when he addressed the question of infringement, he expressly ***bypassed*** the word ████████ in contravention of this Court's claim construction ruling, construing the term to disclose only function, which the Court warned is legal error. Dkt. No. 112 at 24-25. In his non-infringement report, Mr. Rawls repeatedly asserts: "████████████████████████████████
████████████████████████████████████████████
████████████████████" Ex. A at 21, 54, 72 (emphasis added). In his deposition, Mr. Rawls admitted that for purposes of his non-infringement opinion, ████████████████████

3



* * *

Ex. C at 177:24-178:15.

The Federal Circuit has emphasized that "[o]nce a district court has construed the relevant claim terms, and unless altered by the district court, then that legal determination governs for purposes of trial." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009). Given Mr. Rawls' failure to apply the Court's claim construction with respect to the "logic" and "logic configured to" claim limitations, Mr. Rawls should be excluded from offering any opinions as to whether the '513 claim phrases containing those limitations are met by the accused Peloton products. *See Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006) (affirming district court ruling that expert opinion testimony should be "excluded . . . as irrelevant because it was based on an impermissible claim construction"); *Frank's Casting Crew v. PMR Techs, Ltd.*, 292 F.3d 1363, 1375-76 (Fed. Cir. 2002) (rejecting an expert's conclusion that a claim limitation was not satisfied because it was based on an incorrect claim construction).

**B.     Mr. Rawls Does Not Qualify As A POSITA Under This Court's Definition**

The Court defined a POSITA as "an engineer with at least a bachelor's level degree in engineering and two or more years' experience working as an engineer designing and/or developing computerized fitness or exercising equipment."  Dkt. No. 112 at 7. As the Court noted, Peloton did not articulate any objections or alternatives to this definition.  *Id.* Notwithstanding Peloton's agreement with this definition, Peloton retained a technical expert in this case, Mr. Rawls, who does not meet it.

Mr. Rawls lacks an engineering degree, as the definition requires.  Ex. D at 245:6-8 (███████████████████████████████████) & 253:20-254:11 (████████████ ██████████████████████████████████████).  Accordingly, Mr. Rawls' opinions should be excluded.  *See, e.g.*, *Mobile Med. Int'l Corp. v. Advanced Hosp. Sys. Inc.*, No. 2:07-cv-231, 2015 WL 778553, at *2 (D. Vt. Feb. 24, 2015) ("In patent cases, a witness who is not qualified as a person of ordinary skill in the pertinent art may not testify as an expert on obviousness."); *Sloan Valve Co. v. Zurn Indus. Inc.*, No. 10-cv-00204, 2013 WL 6068790, at *7 (N.D. Ill. Nov. 18, 2013) ("The majority of Dr. Magee's opinions regarding obviousness are based on the perspective of a POSITA.  Because he is not a POSITA, he is not qualified to give these opinions.  Accordingly, the Court grants this aspect of Sloan's motion."); *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008) ("We hold that it is an abuse of discretion to permit a witness to testify as an expert on the issues of noninfringement or invalidity unless that witness is qualified as an expert in the pertinent art."); *Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351, 1360 (Fed. Cir. 2006) (finding no abuse of discretion by district court in excluding expert testimony where the court "concluded that [the expert] was not one of ordinary skill in the art at the time of the invention").

### C.    Mr. Rawls' *Ipse Dixit* Opinions On Invalidity Rely Almost Exclusively On Analyses Performed By Peloton's Attorneys

Mr. Rawls' opinions on invalidity should be excluded.  Mr. Rawls relies heavily—often exclusively—on the work product and analyses of Peloton's counsel in reaching his proffered opinions on anticipation.  Attorneys may assist an expert with his or her report, but the expert must remain "substantially involved."  *CDR-Wantagh, Inc. v. Shell Oil Co.*, No. 07-cv-4497, 2011 WL 795865, at *6 (E.D.N.Y. Feb. 28, 2011).  Mr. Rawls opines that the asserted claims are anticipated by ten references: UltraCoach VR/NetAthlon, Computrainer, U.S. Patent No. 6,997,852 to Watterson ("Watterson '852"), U.S. Patent No. 5,947,868 to Dugan ("Dugan"), U.S. Patent No. 6,601,016 to Brown ("Brown '016"), U.S. Patent No. 6,921,351 to Hickman ("Hickman"), U.S. Patent No. 6,749,536 to Cuskaden ("Cuskaden"), U.S. Patent No. 5,466,200 to Ulrich ("Ulrich"), International Patent Publication No. WO 97/41925 to Studor ("Studor"), and an article entitled "The Peloton Bike Simulator."  Yet, for *six* out of the ten references, Mr. Rawls provides no analysis in his report and relies entirely on charts prepared by Peloton's counsel for its invalidity contentions—charts prepared before Mr. Rawls was even retained by Peloton as an expert.

The issue of an expert relying entirely on invalidity contentions prepared by counsel has been addressed by other courts:

> That section is nearly indistinguishable from Balluff's third supplemental invalidity contentions, which were disclosed on May 7, 2014, several months before Justice apparently signed the report.  The pictures, charts, and diagrams are the same.  The citations are identical.  The prose is indistinguishable down to the punctuation, leading to only one possible conclusion: the report was ghost-written by Balluff's attorneys as a legal brief disguised (thinly) as an expert disclosure.

*Numatics, Inc. v. Balluff, Inc.*, 66 F. Supp. 3d 934, 945 (E.D. Mich. 2014).  The court in *Numatics* ultimately excluded the *entirety* of the expert's report, not just the sections that were "nearly indistinguishable" from the defendant's invalidity contentions.  *Id.*

Just like in *Numatics*, Mr. Rawls is relying on Peloton's invalidity contentions, served over a year before Mr. Rawls signed his expert report and, indeed, before Mr. Rawls was even retained as an expert by Peloton. The "pictures, charts, and diagrams," "citations," and "prose" are the same. Mr. Rawls admitted he "████████████████" Peloton's invalidity contentions. Ex. D at 280:6-8. Mr. Rawls did not ██████████. *Id.* at 280:9-11.[1] As Mr. Rawls acknowledges, █████████████████████████████████████████ █████████████████████████████████████████████████. *Id.* at 288:9-14, 303:5-8.

In the body of his report, Mr. Rawls provides just a single paragraph regarding each of these references. An example is reproduced below:

> U.S. Patent 6,997,852 to Watterson ("Watterson"), filed in February 2001 (Exhibit LR06) discloses all of the elements of the claims at issue in the '513 patent literally and as such fully anticipates the asserted claims of the '513 patent. Watterson teaches connecting multiple remotely located exercise devices through a server, sharing performance parameters between exercise devices and conducting races between remote devices. Claim chart Exhibit LR07 describes in detail how Watterson teaches every element of the claims at issue in the '513 patent.

Ex. B at 11. Each of these paragraphs follows this format: asserts the reference is anticipatory, makes a conclusory statement about its contents (without citation), and refers to a claim chart drafted by attorneys and well before Mr. Rawls was retained for a supposedly detailed description of how it teaches every element of the claims. *See id.* at 11-13.

As Mr. Rawls admits, these charts are substantively identical copies of charts prepared by Peloton's counsel and served with Peloton's invalidity contentions in January 2018 prior to

---

[1] At best, Mr. Rawls testified he █████████████████████████. Ex. D at 283:21-284:3. When questioned, Mr. Rawls testified that he █████████████████████████████████████ █████████ *Id.* at 300:13-15 ("████████████████████████████████████████ █████████████████." (emphasis added)).

retaining Mr. Rawls, *see* Exhibit E, and long before the Court's *Markman* Order.[2]  Each of the

charts from the invalidity contentions and Mr. Rawls' report are included herewith as exhibits, as

listed below.

| Reference Chart | Invalidity Contentions | Rawls |
|---|---|---|
| Watterson '852 | Ex. G | Ex. H |
| Brown '016 | Ex. I | Ex. J |
| Hickman | Ex. K | Ex. L |
| Cuskaden | Ex. M | Ex. N |
| Studor | Ex. O | Ex. P |
| The Peloton Bike Simulator | Ex. Q | Ex. R |

As an illustrative example, when questioned regarding the chart for the Watterson '852

patent, Mr. Rawls admitted that he █████████████████████████████████████████

██████████████.  Ex. D at 288:9-14.  Mr. Rawls further admitted that ███████████████

███████████████████████████████████████████████████████████████████████████

███████.  *Id.* at 300:2-5.  This collection of quotes spans nearly ***100*** pages, yet Mr. Rawls did not

remove or add a single one, much less add any discussion connecting them to the claim elements.

Nor was the collection of quotes modified or refined in any way to take into account the Court's

subsequent *Markman* ruling.

Because Mr. Rawls' opinions regarding these references rest exclusively on the invalidity

contentions provided by Peloton's counsel and no analysis of his own, and because they are

---

[2] Peloton served Supplemental Invalidity Contentions on November 15, 2018, but did not include
any new or revised claim charts.  A copy of Peloton's Supplemental Invalidity Contentions is
enclosed herewith as Ex. F.

devoid of any analysis connecting the collected excerpts from the references to the asserted claim elements as construed by the Court, the opinions should be excluded.[3]  *Numatics*, 66 F. Supp. 3d at 945; *Hilaire v. DeWalt Indus. Tool Co.*, 54 F. Supp. 3d 223, 243 (E.D.N.Y. 2014) ("Where the expert's testimony is 'connected to existing data only by the ipse dixit of the expert,' the court may determine that there is an insufficient analytical connection between the opinion offered and the supporting facts to warrant admission of the expert's opinion."  (quoting *Joiner*, 522 U.S. at 146)). .

### D.     Mr. Rawls Opinion Regarding CycleOps Lacks Any Analysis—Whether Of His Own Or By Peloton's Attorneys

Mr. Rawls' opinions regarding CycleOps should be excluded.  While Mr. Rawls provided a claim chart for CycleOps, which presumably he authored, the chart fails to provide an element-by-element analysis.  *See* Ex. S.  Mr. Rawls includes no analysis whatsoever for claims 15, 16, and 17.  Where Mr. Rawls did look at elements, his analysis is conclusory.  For example, for the "at least one operating component" element of claim 1, Mr. Rawls asserts: "CycleOps discloses at least one operating component: heart rate, resistance, speed/cadence."  Ex. S at 2; *see also id.* at 6 (making the same assertion regarding claim 6).  As another example, for the "logic configured to obtain first performance parameters from the at least one operating component element," Mr. Rawls only asserts: "CycleOps discloses obtaining performance parameters for use in the interactive exercise."  Further, the chart expressly acknowledges that Mr. Rawls was

---

[3] Mr. Rawls cites these references in arguing that the '513 patent is anticipated by the prior art. To the extent Mr. Rawls were to attempt to combine these references with other references as part of an obviousness argument, any such opinions should be excluded not only because they're not disclosed in Mr. Rawls' report (*see infra* Section IV.I), but also for the same reasons argued above—the underlying analysis upon which the opinions would be based was conducted solely by Peloton's attorneys with no input from Mr. Rawls, and further fails to provide any discussion how individual claim elements as construed by the Court are met by the cited prior art disclosure.

unable to determine whether some elements were present at all.  For example, for claim 3, the chart states:

| stepping machine. | |
|---|---|
| **Claim 3** | |
| The system as defined in claim 1, wherein the display is one selected from the group consisting | CycleOps discloses an LCD display. (apparently, confirmation) |

Mr. Rawls' conclusory and demonstrably incomplete analysis regarding CycleOps is insufficient to support his opinions.  Mr. Rawls should be excluded from testifying regarding CycleOps.

**E.    Mr. Rawls' Opinions Regarding Anticipation By UltraCoach VR Lack Foundation And Improperly Rely On Multiple "Collective" References.**

Mr. Rawls cannot offer invalidity opinions based on anticipation where the purported evidence is drawn collectively from numerous references.  Anticipation requires a ***single*** reference.  "The Federal Circuit has noted, '[D]isclosure of each element is not quite enough— this court has long held that anticipation requires the presence ***in a single prior art disclosure*** of all elements of a claimed invention arranged as in the claim.'"  *Cognex Corp. v. Microscan Sys., Inc.*, No. 13-cv-2027 (JSR), 2013 WL 5550092, at *2 (S.D.N.Y. Sept. 30, 2013) (quoting *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1334-35 (Fed. Cir. 2008)) (emphasis added). "[W]hen making an anticipation determination, it would be inappropriate to combine multiple listings/examples of source code to meet the requirement of a single claim.  Doing so would disregard the part-to-part relationship between the claim elements of the patents in suit."  *CA, Inc. v. Simple.com, Inc.*, 780 F. Supp. 2d 196, 254 (E.D.N.Y. 2009) (citing *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1371 (Fed. Cir. 2008)).  Mr. Rawls treats the UltraCoach VR program and NetAthlon program as one, yet they were not a single program.  Mr. Rawls cites documents and testimony from Mr. Stewart regarding different versions of the software, despite

Mr. Stewart's testimony that different versions had different features.  *See, e.g.*, Ex. T at 233:7-11 (explaining that GameSpy was the exclusive way for users of NetAthlon to "connect over the Internet").  Mr. Rawls did not ███████████████████████████████████████ ████████████████████████████████████.  Ex. D at 319:25-320:15.  Mr. Rawls ██████ ██████████████████████████████████████████████████████████████.

*Id.* at 310:17-20.  Further, Mr. Goodin revealed ███████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████.  Ex. U at 45:25-47:5.

Mr. Rawls testified he ████████████████████████████████████████████████ ████████████████████████████████████.  Ex. D at 310:13-311:18.  Mr. Rawls' report states that UltraCoach VR was demonstrated on a "virtual Windows 98 setup."  Ex. B at 10; *see also* Ex. D at 313:20-314:7.  Yet, Mr. Goodin testified that he ████████████████████ ████████████████████.  Ex. U at 41:2-16.[4]  Mr. Rawls does not identify the versions of UltraCoach VR used by Mr. Goodin, nor does he connect them to any purported versions of UltraCoach VR relied on in his report.  Mr. Goodin simulated two versions of the software: Version 0.0 and Version 1.99.7.21.  Ex. V at ¶ 2.  However, Mr. Goodin testified that he ████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████.  Ex. U at 45:25-47:5, 137:21-138:9.

### F.    Mr. Rawls' Opinions Regarding Enablement Misapply The Law

Mr. Rawls's opinions regarding enablement should be excluded in their entirety.  Mr. Rawls admits that the '513 patent is enabled under the actual standard for enablement.  However, Mr. Rawls does not apply the law.  Further, Mr. Rawls directs arguments to the specification

---

[4] Mr. Goodin further testified that ████████████████████████████████████████████ ████████████.  Ex. U at 229:4-12.

instead of the claims and uses a dramatically different POSITA than he used for his discussion of the references.

"To be enabling, the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation.'" *Trs. of Boston Univ. v. Everlight Elecs. Co.*, 896 F.3d 1357, 1362 (Fed. Cir. 2018) (quoting *Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1365 (Fed. Cir. 1997)). "Whether undue experimentation is required 'is not a single, simple factual determination, but rather is a conclusion reached by weighing many factual considerations.'" *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1288 (Fed. Cir. 2012) (quoting *ALZA Corp. v. Andrx Pharms., LLC*, 603 F.3d 935, 940 (Fed. Cir. 2010)). These factors include:

> (1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims.

*Medisim*, 861 F. Supp. 2d at 167 (quoting *In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988)). Mr. Rawls devotes no attention to examining any of these factors, though.

Mr. Rawls asserts: "Could someone figure out a way to do all of this at the time of the invention? Yes, it could be figured out and it was figured out by others beforehand . . . ." Ex. B at 56. However, if a POSITA would have been able to figure out how to do it at the time of the invention, it is enabled unless it would have required undue experimentation. Mr. Rawls does not, however, even assert that the claims would require undue experimentation to implement. Instead, Mr. Rawls spends pages arguing about portions of the specification supposedly not being enabled, *id.* at 53-62, even though the test is whether *the claimed invention* is enabled. This "analysis" by Mr. Rawls is irrelevant.

Mr. Rawls also asserts that "McClure has [sic] a duty to disclose *the best way*; not simply point the reader in a direction and leave the reader to go figure it out." Ex. W at 11 (emphasis added); *see also id.* at 8. This is not part of the enablement standard. *See Scanner Techs. Corp. v. Icos Vision Sys. Corp.*, 253 F. Supp. 2d 624, 635 (S.D.N.Y. 2003) ("[T]he standard for enablement requires merely the disclosure of *any* mode of practicing the invention, not necessarily the best mode." (emphasis original)).

Because Mr. Rawls' opinions on enablement misapply the law, those opinions should be excluded as unreliable and unhelpful to the jury.

### G. Mr. Rawls' Opinions On Indefiniteness Have Already Been Rejected By This Court In Markman

Mr. Rawls' opinions regarding indefiniteness are an attempt by Peloton at an end-run around the Court's *Markman* Order and should be excluded. Mr. Rawls offers opinions that mirror arguments from Peloton's counsel, which the Court expressly rejected in its *Markman* Order.

Mr. Rawls asserts:

> The claim term 'logic' is also indefinite because it is used to describe different things without any explanation of what that difference is. One element of claim 1 recites "logic configured to drive the display in response to both first and second performance parameters," claim 6, 18 and 19 recite "logic configured to control the display in response to both first and second performance parameters."

Ex. B at 67. This argument was originally raised by Peloton's counsel during Markman. Dkt. No. 77 at 17; Dkt. No. 81 at 10-11; Dkt. No. 110-5 at 104:6-14. The Court addressed this argument and ruled against Peloton, holding:

> [T]he consistent manner in which the specification describes the invention's display functions, and the nearly identical contexts of these terms' usages in the claim limitations, indicates that the patentee simply chose to use a different word, namely "drive" instead of "control," to describe the same otherwise clear function. This may have been poor drafting, but that poor drafting does not

provide clear and convincing evidence sufficient to render these claim terms
indefinite.

Dkt. No. 112 at 10.

Further, Mr. Rawls offers opinions regarding "logic" without looking at the terms in

context. *See* Ex. B at 64. Mr. Rawls almost grasps the needed analysis, stating: "These are four

completely different functions to be performed by 'logic' . . . ." Ex. B at 65. But instead of

looking for structure corresponding to the functions, Mr. Rawls simply repeats Peloton's

argument from *Markman* that "logic" just means a "black box." *Compare id. with* Dkt. No. 77 at

1 & Dkt. No. 110-5 at 30:22 ("This is the classic black-box claiming . . . ."). In its Markman

Order, the Court noted:

> The specification provides numerous diagrams depicting how "logic" is intended
> to be incorporated into the proposed invention. (*See, e.g.*, Dkt. No. 1-1 figs. 14–
> 19.) Each of these diagrams depicts "logic" in a manner identical to the depiction
> of other structural components employed by the invention, such as microphones,
> speakers, fitness equipment, communication interfaces, operating components,
> and heart rate sensors.

Dkt. No. 112 at 25.

Peloton cannot, through an Mr. Rawls, relitigate issues the Court has already ruled on as

a matter of law. *Exergen*, 575 F.3d at 1321; *Liquid Dynamics*, 449 F.3d at 1224 n.2.

Accordingly, Mr. Rawls' opinions on indefiniteness should be excluded.

### H. Any Opinions Mr. Rawls Might Offer That Are Not Addressed In His Report Should Be Excluded

Mr. Rawls cannot offer testimony on any opinions not included in his report. "The

expert's report operates to limit the scope of the testimony that can be elicited from the expert.

Opinions that are not disclosed in the expert's report cannot be offered." *LaSalle Bank Nat'l*

*Ass'n v. CIBC Inc.*, No. 08-cv-8426, 2012 WL 466785, at *9 (S.D.N.Y. Feb. 14, 2012). Mr.

14

Rawls cannot get around this by making sweeping statements about what he "could have" or "could" opine on regarding invalidity.

Mr. Rawls broadly asserts that "[i]t would have been obvious and would have resulted in a device with all of the elements of the '513 patent if one were to combine any of the ten anticipatory references cited above with any of the references cited below."  Ex. B at 14. However, Mr. Rawls does not identify any proposed combinations involving any of these references, discuss why a person of ordinary skill in the art would have been motivated to combine them, why a person of ordinary skill in the art would have reasonably expected success from the combination, much less how they taught every element of the claims.

Indeed, Mr. Rawls admits in his report that his obviousness analysis "***completely ignore[s]*** the abundance of fully anticipatory prior art and ***look[s] solely at*** whether it would have been obvious ***(in the absence of that art)*** for an otherwise knowledgeable POSITA to modify or combine non-anticipatory prior art to embody all of the elements of the McClure patent."  Ex. B at 15 (emphasis added).  Mr. Rawls' "catch-all" opinions regarding the invalidity of any claims of the '513 patent should be excluded, as well as opinions regarding any proposed combinations of references not expressly disclosed in his report.

I.      **Mr. Rawls Cannot Speculate As To What Examiner Richman Considered**

Mr. Rawls cannot opine regarding the state of mind of the patent examiner who examined the '513 patent.  When a reference has been considered during prosecution, the party asserting invalidity faces an "especially difficult" burden.  *See Sanofi-Synthelabo v. Apotex, Inc.*, 492 F. Supp. 2d 353, 382 (S.D.N.Y. 2007) ("[T]he burden of showing invalidity is 'especially difficult' when 'the infringer attempts to rely on prior art that was before the patent examiner during prosecution.'"  (quoting *Glaxo Grp. Ltd. v. Apotex, Inc.*, 376 F.3d 1339, 1348 (Fed. Cir. 2004)). Mr. Rawls opines that Examiner Richman did not consider certain references during prosecution

of the patent application resulting in the '513 patent.  *See* Ex. B at 13.  However, Mr. Rawls has

no specialized education, training, or experience in the procedures and practices of the United

States Patent and Trademark Office and is not qualified to speculate on whether Examiner

Richman "considered" a reference.

Mr. Rawls does not ████████████████.  Ex. D at 322:5-9.  Mr. Rawls bases his

assertion solely on the list of references made of record during prosecution of the '513 patent.  It

does not follow that because a reference was not made of record the examiner did not consider it.

*Cf. In re Omeprazole Patent Litig.*, 490 F. Supp. 2d 381, 500 (S.D.N.Y. 2007) ("References are

not material to patentability if they are merely cumulative of references that were already before

the examiner.").  Further, Mr. Rawls ignores that Examiner Richman examined many of the

references Peloton is asserting.  *See, e.g.*, Ex. X at 1 (Watterson '852), Ex Y at 1 (Hickman), Ex

Z at 1 (Cuskaden), Ex. AA at 1 (Ulrich).  It is axiomatic that the record shows what was made of

record; Mr. Rawls is not qualified to offer speculation beyond that fact.

## IV.    CONCLUSION

Mr. Rawls' proposed testimony fails under Rule 702 and should be excluded.  Mr. Rawls

ignores the claim constructions held by this Court, doesn't meet the Court's definition of a

POSITA, and instead of analyzing the prior art himself, relies on attorney claim charts generated

before he was retained.  Moreover, Mr. Rawls employs principles and analysis directly contrary

to the law.

Mr. Rawls' opinions are not "the product of reliable principles and methods," and he has

not "reliably applied the principles and methods to the facts of the case" as required under

*Daubert* and Rule 702 and should be excluded.

Dated: July 1, 2019                         Respectfully submitted,

By:    */s/ Michael D. Gannon*
      Leif R. Sigmond, Jr
      (*admitted pro hac vice*)
      E-mail: lsigmond@bakerlaw.com
      Michael D. Gannon
      (*admitted pro hac vice*)
      E-mail: mgannon@bakerlaw.com
      Jennifer M. Kurcz
      (*admitted pro hac vice*)
      E-mail: jkurcz@bakerlaw.com
      **BAKER & HOSTETLER LLP**
      1 North Wacker Drive
      Suite 4500
      Chicago, IL 60606
      T +1.312.416.6200
      F +1.312.416.6201

      Paul S. Doherty III, Esq.
      pdoherty@hdrbb.com
      Mark A. Berman, Esq.
      mberman@hdrbb.com
      **HARTMANN DOHERTY ROSA**
      **BERMAN & BULBULIA LLC**
      800 Third Avenue, 28th Floor
      New York, NY 10022
      212-344-4619
      Fax: 201-441-9435

      *Attorneys for Plaintiff VR Optics, LLC*