**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
2200 Ross Avenue, Suite 2400
Dallas, Texas 75201
469.391.7400 main
www.sheppardmullin.com

469.391.7409 direct
sschortgen@sheppardmullin.com

August 15, 2019

**VIA ECF**

Hon. J. Paul Oetken
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   VR Optics, LLC v. Peloton Interactive, Inc. v. Villency Design Grp., et al., Civil No.
      1:16-cv-6392 (JPO) – Letter Motion for Leave to File Under Seal

Honorable Judge Oetken:

Pursuant to Paragraph (E)(ii) of Judge Oetken's Individual Practices in Civil Cases, Peloton Interactive, Inc. ("Peloton") submits this letter motion for leave to file under seal redacted versions of the following July 1, 2019 pleadings and certain of their exhibits: 1) Peloton's Reply in Support of its Motion for Summary Judgment of Non-infringement and Invalidity; 2) Peloton's Response to VRO's Counter-Statement of Material Facts in Opposition to Peloton's Motion for Summary Judgment of Non-infringement and Invalidity; 3) Peloton's Reply in Support of its Motion for Summary Judgment as to Claims Against Villency Design Group, Eric Villency and Joseph Coffey; 4) Peloton's Reply in Support of its Motion to Preclude the Expert Opinions and Testimony of Mark A. Peterson; and 6) Peloton's Reply in Support of its Motion to Preclude Opinions of Steven M. Lenz.

For Peloton's Reply in Support of its Motion for Summary Judgment of Non-infringement and Invalidity, Peloton moves to redact and seal portions of this pleading that discuss 1) internal Peloton information that is proprietary and confidential relating to Peloton that was designated as Attorney's Eyes Only under the protective order; 2) deposition testimony designated as Attorney's Eyes Only under the protective order that contains proprietary and confidential information relating to Peloton; and 3) expert reports from VR Optic's technical expert Steven Lenz that were designated as Attorney's Eyes Only by VR Optics and contain proprietary and confidential information relating to Peloton.

For Peloton's Response to VRO's Counter-Statement of Material Facts in Opposition to Peloton's Motion for Summary Judgment of Non-infringement and Invalidity, Peloton moves to redact and seal the pleading sections that discuss 1) internal Peloton information that is proprietary and confidential relating to Peloton that was designated as Attorney's Eyes Only under the protective

**SheppardMullin**

Hon. J. Paul Oetken
August 15, 2019
Page 2

order; 2) deposition testimony designated as Attorney's Eyes Only under the protective order that contains proprietary and confidential information relating to Peloton; and 3) expert reports from VR Optic's technical expert Steven Lenz that were designated as Attorney's Eyes Only by VR Optics and contain proprietary and confidential information relating to Peloton.

For Peloton's Reply in Support of its Motion for Summary Judgment as to Claims Against Villency Design Group, Eric Villency and Joseph Coffey, Peloton moves to redact and seal portions of this pleading that discuss 1) internal Peloton information that is proprietary and confidential relating to Peloton that was designated as Attorney's Eyes Only under the protective order; 2) deposition testimony designated as Attorney's Eyes Only under the protective order that contains proprietary and confidential information relating to Peloton; 3) third party confidential information that was designated as Attorney's Eyes Only under the protective order by the third party; 4) internal VR Optics, Villency Design Group, Eric Villency and/or Joseph Coffey information that was designated as Attorney's Eyes Only under the protective order; and 5) deposition testimony designated as Attorney's Eyes Only under the protective order by VR Optics, Villency Design Group, Eric Villency and Joseph Coffey.

For Peloton's Memorandum of Law in Support of its Motion to Preclude the Expert Opinions and Testimony of Mark A. Peterson, Peloton moves to redact and seal the pleading sections that discuss 1) internal Peloton information that is proprietary and confidential relating to Peloton that was designated as Attorney's Eyes Only under the protective order; 2) expert reports from VR Optic's technical and financial experts that were designated as Attorney's Eyes Only by VR Optics and contain proprietary, financial and confidential information relating to Peloton; 3) third party confidential information that was designated as Attorney's Eyes Only under the protective order by the third party; 4) internal VR Optics, Villency Design Group, Eric Villency and/or Joseph Coffey information that was designated as Attorney's Eyes Only under the protective order; and 5) internal Peloton information that is proprietary, financial and confidential relating to Peloton that was designated as Attorney's Eyes Only under the protective order.

For Peloton's Memorandum of Law in Support of its Motion to Preclude Opinions of Steven M. Lenz, Peloton moves to redact and seal the pleading sections that discuss 1) deposition testimony designated as Attorney's Eyes Only under the protective order that contains proprietary and confidential information relating to Peloton; and 2) expert reports from VR Optic's technical expert Steven Lenz that were designated as Attorney's Eyes Only by VR Optics and contain proprietary and confidential information relating to Peloton.

Under the framework set forth in *Lugosch*, the weight of the presumptive right of public access to the information redacted from the referenced filings is low, due to the insignificant role of the material at issue in this Court's exercise of its Article III powers. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Indeed, documents "such as those passed between parties in discovery" often play "no role in the performance of Article III functions." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (citing *U.S. v.*

**SheppardMullin**

Hon. J. Paul Oetken
August 15, 2019
Page 3

*Amodeo* (*Amodeo II*), 71 F.3d 1044, 1050 (2d Cir. 1995)); *see also Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 167 (S.D.N.Y. 2018) (Discovery documents are beyond the presumption's reach and stand on a different footing than any other document presented to the court to invoke its powers or affect its decisions). Further, the weight of the presumption is low because the issues litigated in this patent case are of little public concern. *See, e.g., Gulino v. Bd. Of Educ. Of City Sch. Dist. Of City of New York*, 2003 WL 1878235, at *2 (S.D.N.Y. Apr. 11, 2003) (suggesting that a lawsuit between two private companies claiming patent infringement is of little public concern).

The redacted information should also be sealed because of "competing considerations" against unsealing, including the privacy interests of the companies implicated by the redacted material. *See Amodeo II*, 71 F.3d at 1050; *see Bernsten*, 307 F. Supp. 3d at 168. Further, sealing of the redacted information is warranted under the First Amendment considerations outlined in *Lugosch*. *See* 435 F.3d at 120. Under the First Amendment framework, this Court may seal the information at issue because sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *In Re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *see Guzik v. Albright*, 2018 WL 6011612, at *1 (S.D.N.Y. Nov. 16, 2018). Indeed, the individual and business privacy rights discussed above independently warrant sealing, and only the most sensitive information has been redacted from the respective filings.

Finally, the material should be sealed because information of the same nature has not "historically been open to the press and general public." *Lugosch*, 435 F.3d at 120; *see, e.g., Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("pretrial depositions and interrogatories are not public components of a civil trial"). The information was gathered from closed, private pre-trial depositions and other discovery requests between the parties, which resulted for example, in the expert reports. Such information is historically not filed of record in any court proceeding, and should therefore not become publicly filed in this proceeding.

For the reasons set forth above, Peloton respectfully requests leave to file portions of the exhibits to Peloton's motions under seal, and requests that this Court seal portions of these filings as set forth in the redacted documents filed contemporaneously with this Motion.

Peloton thanks the Court for its time and consideration of this matter.

Sincerely,

Steven G. Schortgen
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4823-4659-8561.1